This was an action of ejectment by the heir against the widow, for the mansion house of the deceased, and land adjoining. It was admitted that dower never had been set out, and that the widow continued to live in the mansion from the death of her husband, until her second marriage, and since. Upon the first argument White j. conceived the action could be maintained by the heir, without assigning dower. Overton j. was inclined to think otherwise. Upon the second argument, the judges concurred in opinion, that by the common law the heir was bound to assign dower. Vide. Co. Lit. 31. a. 32. b. 2 Bac. 375. 2 Hay. 4. Co. Lit. 34. b. 2 Bac. 407. 423. 368. 387. 392. 1 Hay, 188. 2 Bl. Com. 135.
 

 But this principle was changed by the act of April,
 
 *235
 
 1784. c. 22. s. 9, which enacts after reciting that the present mode of suing for dower, was dilatory expensive, and intricate, that the widow shall proceed by petition &c. upon which twelve free holders shall be summoned, who shall set off one third part, including the mansion house, or a part of it (according to the value of the property) for the widow. This mode, and no other must be pursued at law; she should have filed her petition, and as she did not do that, and as the title of the land is in the heir by descent he must recover.
 

 Virdict for the plaintiff.