OPINION of the Court, by
Ch. J. Boyle.-
Oh the application of Catherine Cunningham, the county court of Nelson appointed commissioners to assign to her* dower in a tract of land of 200 acres conveyed by her husband in his lifetime to Michael Rintch. At a subsequent term, the report of the commissioners having been returned and admitted to record, an order was thereupon made by the court awarding a writ of habere facias possession, and a judgment for costs given against Rintch, who has brought the case to this court by writ of error.
The main question made by the assignment of error is, whether the county court is authorisod to appoint commissioners to assign dower in sucha case as the present?
The solution of this question depends upon the construction of the act passed in 1803 (3 Litt. 133) concerning the assignment and relinquishment of dower. *463 The act provides “ that on the application of any widow, or other person whose duty it shall be to apply for the appointment of commissioners to assign the right ®f dower, the county court is hereby authorised and directed to appoint four fit persons in the county, for the purpose aforesaid ; and they, or any three of them, being first sworn faithfully to execute the charge entrusto ed to them, shall proceed to assign the right of dower and make report thereof, which shall be recorded.”
This is the whole of the act, as far as relates to this subject ,• and although its language is general, yet we apprehend, from the very nature of the provision, the, power of the county court was intended by the legislature to be confined to the assignment of dower in those cases where the husband has died seized, and the right of dower is admitted or not controverted. That the act should not be construed to extend to those cases where the husband in his lifetime has aliened the land, and in which the alienee- controverts the right of dower, we think is inferable — ■
1st. Because the county court is not authorised or required to summon or warn the alienee to appear for the purpose of controverting, if he should think proper, the right of dower; but on the contrary, the act plainly presupposes that no such summons or warning is to be given.
2d. Because the act has not provided that any pleadings shall he had, whereby the matters in controversy might be brought to issue; nor has it authorised the county court to summon and empahnel a jury to try any issues or questions of fact which might arise in the rase: and a jury is by the constitution the only tribunal competent to try such questions or issues of fact.
3d. Because the county court is not authorised or required to give any judgment in such case, nor is it au-thorised to issue any execution tq enforce such judg, ment.
4th. Because where a controversy as to the right of' dower exists, the power to decide upon the right is the principal, and the power to asrrgu dower only an incidental power. Though the grant of the former may therefore imply a grant of the latter, a grant ofthe laf-ter cannot virtually include the former. And
5th. Because the power to decide upon controversies ytith respect to the right of dowey is clearly within th<? *464 jnrisdictflS expp»«»sly -given by the legislature .to the circuit courts. There is therefore not only no necessity to extend by construction such a power to the county courts, but considering the difference in the organization of the two courts, the many nice and difficult questions of law arising in such controversies, and the great value of the property involved in them», it would be obviously against the reason and spirit of the laws in relation to the jurisdiction- of those courts to give by construction the power to deride such controversies to the county courts, when the legislature have expressly given it to the circuit courts.
The proceedings and judgment of the county court of Nelson are therefore erroneous, and must he reversed with costs.