Judge Underwood,
delivered the opinion of the Court.
The Livingston county court, on the application of the defendant in error, appointed commissioners to assign her dower in the estate of James W. Williams, deceased, whose lawful wife, said defendant assumed to be. The court made-the appointment, the commissioners reported, and the court confirmed the report; thereby, setting apart a‘portion of the laild and slaves of the decedent for the dower of the defendant in error. These proceedings were opposed by the plaintiffs in error, as heirs-of the decedent at every step. They proved that the defendant had been married to Roberts, before she married the decedent, that Roberts was alive at the date of the second marriage, and thfit no such thing as a divorce between them, had taken place, to the knowledge of the witnesses. The defendant’in error, endeavored to rebut this proof by giving in evidence a rumour, that Roberts had been lawfully married to a woman,-who was alive at the time he married the defendant in error, and that this woman and Roberts *106 had never been divorced. The plaintiff in error objected to the evidence, in relation to the existence of the rumour, but the. court overruled the objections. Evidence of a rumour, such as was here given, was clearly improper; but the whole case, as presented on the record, exhibits one, of which the county court should not have entertained jurisdiction. The case of Bintch vs. Cunningham, 4 Bibb, 462, contains an exposition of the act of assembly, of 1803, under which the county court, in this instance, proceeded. The principles settled by that case, confine the county courts to the assignment merely, of the right of dow.er, where the right is conceded, and deny to the county courts, the power of adjudicating upon the existence of the right, when that is controverted. Here the right of dower was the point in issue, and this, the county court had no authority to decide.
The county court has no juri. diction to determine a contested right of dower.
Can only assign flower •when tho right is conceded.
Order of the county court reversed.
Mayes, for plaintiff; Crittenden, for defendant.
It is, therefore, considered by the court, that the order made at the July term, 1827, of the Livingston county court, approving and admitting to record, the allotment made by the commissioners appointed at the. April term of said court, preceding, be reversed, annulled, set aside and held for nought, and that the plaintiffs in error, recover of the defendant, their costs.