Chief Justice Robertson
delivered the Opinion of the Court.
This writ of error, brought to set aside an order allotting dower, presents two questions: — first, the application having been made by the widow, was notice to the heirs or terre-tenants necessary? and second, is the allotment, on its face, such as the law requires, or will approve?
First. It is a general rule of the common law, because it is a principle of justice, that no one should be affected by a judicial proceeding, unless during its pendency, he shall have had notice of it. And it must be admitted that, in allotting dower, the County Courts act judicially; because, otherwise, their orders in such cases would not be subject to revision by this Court, and the many nullifications of such orders by our predecessors, would have been extra-judicial.
But the statute giving jurisdiction to the County Courts, and prescribing the course of proceeding, neither requires, nor seems to have contemplated, express or formal notice of an application for the.appointment of commissioners for assigning dower. It has conferred jurisdiction, in that class of cases only, in which the husband died seized of the legal title, and in which there is no dispute as to the right of his surviving wife to an allotment of dower; and it has. neither prescribed any mode of trying, b.y pleading or by jury, questions of right, or of fact, nor given jurisdiction to pronounce any judgment on questions of law, or of fact.
Moreover, an assignment of dower is a proceeding in rem, the allotment is made upon the land, and that is actual notice to the terre-tenant, and may be constructive notice to all others who have title to it. When, by the death of the husband, the wife’s initiate right to dower *372 becomes consummate, the only object of an assignment is to give her a right of entry, and define the boundary of her possession; an allotment vests her with no new right to the land. And not only the heir, but an abator, disseizor, or intruder, may make a good assignment of dower. In allotting dower, all that commissioners, under the authority of a Country Court, have to do, is to ascertain, by a process almost exclusively mechanical and approximating to mathematical, one third of the land, and define it by a designated boundary. They are selected for their intelligence and probity, and are required to act under the sanction of an oath; and the Court must revise and approve their report.
The jurisdiction/ of the County Courts in dower, is special; and their records must show every fact required by the statute.
These considerations tend to show, that there is no great necessity for actual notice, and that it is not required by law; and practice and authority corroborate this deduction. Formal notice has been but seldom, if ever given, of applications for appointing commissioners to allot dower; and not only has no assignment by a County Court, been set aside by this Court, for want of such notice, but in Rintch vs. Cunningham, (4 Bibb 463,) it was said that actual notice in such cases, was not required.
If, when the application is made by the widow, express notice to the heir is necessary, by a parity of reasoning, it could be shown, that such notice to the widow would be equally necessary on the application of the heir. But the heir may assign dower by his own voluntary act, and it is his duty to do so; and therefore, it would seem, that notice of an application by him, for an allotment by others, selected by the County Court, and sworn to act faithfully and impartially, should not be required. Besides, the jurisdiction of the County Courts is, in such cases, special,, thei^ records must show every fact required by the statute; and therefore-, there can be but little, if any danger, of irremediable injustice.
Second. But the assignment, as made in this case, is-illegal, and therefore ineffectual..
The following is the report which the County Court approved:—
“ Agreeably to- an order of the Madison County Court,. “ at their February term, 1835, appointing the under *373 « signed commissioners to allot to Elizabeth Stevens, “ widow of James Stevens, deceased, her dower in the “ landed estate of the said James Stevens, deceased— “after being first sworn, we report as follows: we allot “ to the widow, as her dower, the mansion house and “ four acres of land around the same, and the one fifth “ part of the ferry — that being all the land shown us.”
The report of Com’rs appointed to allot dower must show that they selected a portion of the land; which they ascertained was one third of the whole, and defined its boundaries. — That they allotted “four acres around the house,” is too indefinite.
Where the husband died seized of a ferry, the widow is to be endowed of one third of the profits, or have the use of it, one third ofthe time, alter nately. — An allotment of “one fifth of the ferry” — an incorporal hereditament, not devisable — is nugatory.
As the County Courts, in this class of cases, possess only a limited and prescribed jurisdiction, whenever they act, their records should show that they acted according to the authority specially delegated to them, by the statute. This does not appear from the record in this case, but the contrary may be inferred.
The widow is entitled to one third of the land, and one third of the profits, or of the alternate use of the Ferry. Was all the land assigned to her? That was illegal. Was only one third of the land allotted? That does not appear. The record does not show how much land there is; and we infer, from the tenor of the report of the commissioners, that the entire tract contains only four acres — “that being all the land shown to (them.”) Besides one of the chief objects of an assignment of dower in land, is to fix the boundary of the widow’s third part; and the report in this case has not defined any boundary: “four acres of land around the house,” is altogether indefinite, and leaves the precise shape and boundary altogether to uncertain construction. Such an indeterminate act is, in fact as well as in law, no allotment at all. And it is evident that only one fifth of the ferry was alloted; in consequence of the assignment of all the land, or of more than one third. This does not appear to have been authorized. Her right, and her only right, is to one third of each; and her right in the ferry, is one third, not of the ferry, but of its profits, or of its use; because a ferry being an incorporeal hereditament, is indivisable.
Wherefore, the order of the County Court, approving the report of the commissioners, is annulled and set aside; and the case remanded, with instructions to quash the report.