MOTION.

## Murphey's Heirs and Devisees *vs* Murphey.

*Case 59.*

APPEAL FROM THE CUMBERLAND COUNTY COURT.

*Dower.  Security for costs.*

*November 2.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

*Case stated.*

POLLY MURPHEY, a resident of Virginia, claiming to be the widow of Peyton Murphey, deceased, by her agent, moved the Cumberland County Court to appoint commissioners to assign her dower in the real and personal estate of the said decedent. The heirs and devisees of the decedent appeared and objected to the proceedings on several grounds, two of which only we will notice:

1st. That security for costs had not been given, and their motion requiring security was overruled.

2d. That under the circumstances proven, the Court had no jurisdiction of the case.

1st. The statute was intended to secure to defendants *A non-resident making a motion in the County Court, where costs may be adjudged against him or her, should be required to give bond and surety for costs.* the costs which they might be compelled to incur in any suit or judicial proceeding against them, as well as to the officers of the Court the fees for their services, and should be liberally construed, so as to apply to any motion or suit in any form, as a judicial proceeding, in which costs may be incurred or services rendered. We *think*, therefore, that the plaintiff in this case should have been required to give security for costs.

2d. We also think, from the defence made and facts *The County Cts. have no jurisdiction to assign dower, except in cases where the* proven, that the County Court had no jurisdiction of the case. The grounds set up in defence, and the proof adduced to establish them, tend to show, that some *twenty*

five years ago, the plaintiff was reputed to be the wife of the decedent, and about that time left his bed and board, and facts are proven tending to show that she was indulging in too great intimacy with other men, and in a short time went to Virginia, where she remained and still remains. That a will was made by the decedent, which was duly established and recorded, and his estate divided by a proceeding in chancery, before this motion was made.

We cannot believe that it was the intention of the Legislature by the act of 1803, (1 *Stat. Laws*, 596,) to confer on the County Court jurisdiction to try such grave matters as those involved in this case, and to settle rights so important, and especially as jurisdiction is given to the Circuit Courts over the same subjects. This Court say, in the case of *Rintch* vs *Cunningham*, (4 *Bibb*, 462,) in giving construction to the said act, "Although its language is general, yet we apprehend, from the very nature of the provision, the power of the County Court was intended by the Legislature, to be confined to the assignment of dower in those cases in which the husband has died seized, and the right of dower is *admitted* or *not controverted*." The reasons given by the Court in support of the construction given to the act, are entirely satisfactory, and are as applicable to this case as to the case then before the Court.

The order of the County Court appointing commissioners to assign dower is, therefore, reversed, and cause remanded, that the order may be set aside and the motion dismissed.

*Harlan & Craddock* for appellants.