## Garris' Heirs *vs* Garris.

ERROR TO THE MUHLENBURG COUNTY COURT.

*Dower. Jurisdiction of County Court.*

JUDGE SIMPSON delivered the opinion of the Court.

*July 27.*

THE Muhlenburg County Court, upon the application of the defendant in error, appointed Commissioners to allot her dower in the landed estate of Sikes Garris, whose widow she represented herself to be. The Commissioners so appointed, proceeded to assign dower, and returned a report, which was quashed, as the order states, for errors apparent on its face. At a subsequent Court the same Commissioners made another report containing an allotment of dower to the applicant, which was approved of and ordered to be recorded.

These proceedings were all objected to by the heirs at law, the present plaintiffs, who appeared in Court and contested the applicant's right to dower upon the ground that she was never married to Sikes Garris, deceased, and if she ever had been, that she had abandoned him in his lifetime and refused to live with him.

County Courts have no jurisdiction to investigate or decide contested claims to dower; they have not the power of adjudicating upon the existence of the right when that is controverted. They can only assign dower when the right to it is conceded. The right being admitted, they can direct an assignment, the propriety of which when made, will involve merely the question of its fairness, and the relative value of the part alloted, to the residue of the land, upon which they must necessarily have the power to adjudicate. Beyond this their jurisdiction does not extend, as was decided by this Court in the cases of *Rintch* vs *Cunningham*, (4 *Bibb*, 462;) *Williams* vs *Williams*, (1 *J. J. Marshall*, 105;) and *Murphey's heirs and devisees* vs *Murphey*, (*ante*. 232.)

*Case stated.*

*County Courts have no jurisdiction to try contested claims to dower. They may assign dower when the claim of the widow to dower is not contested, but in no other case: (4 Bibb, 462; 1 J. J. Marshall, 105; ante 232.)*

Here the right to dower was denied; it was the matter to be tried. If the applicant had not been the wife of

Sikes Garris, deceased, she had no right of dower in his lands. This question the County Court had no power to pass upon and decide, and without its decision her right to dower was not shown to exist.

Wherefore, the order of the County Court is reversed and cause remanded, with directions to reject the Commissioners' report and overrule the application.

*Harlan & Craddock* for plaintiffs.