SARAH G. MOORE *versus* ALFRED ROLLINS.

A widow is dowable of a lime quarry which was owned by her husband, and had been opened and wrought during her coverture.

Where one has received a deed of an estate and given back a mortgage of the same, to secure the payment of the purchase money, if the deeds are of the same date, have the same attesting witnesses, and are acknowledged before the same magistrate, and the notes secured are of the same date with the mortgage, in the absence of all proof to the contrary, the deeds will be regarded as one and the same transaction. And, as against *the mortgagee or his assignee*, the widow of the mortgager will be dowable only of an equity of redemption.

And the circumstance that the mortgager included in his deed other land than that conveyed to him by the mortgagee, does not change or affect the rights of the parties, in her suit for dower.

DOWER is sued for by the demandant in a lime-rock quarry, of the whole of which she alleges her late husband, Abel Moore, was seized during her coverture with him.

The action was tried at January term, 1857, APPLETON, J., presiding. Verdict for plaintiff for dower, in one undivided half-part of the premises. The case is presented on EXCEPTIONS taken by each party. The evidence was also reported on motion for new trial.

The facts necessary to an understanding of the case, and questions of law, which were argued, appear in the opinion of the Court.

*Gould & Robinson,* for demandant.

*L. H. Howes,* for tenant.

The opinion of the Court was drawn up by

APPLETON, J. — Each party alleges exceptions to the rulings of the presiding Judge at *Nisi Prius.*

The defendant is dissatisfied, because the jury were instructed that the widow was entitled to dower in a lime quarry, if the same had been opened and wrought during coverture.

The law is well settled, in England, that a widow is dow-

able of her husband's mines which had been opened and wrought during coverture, and in which he had an estate of inheritance. *Stoughton* v. *Leigh*, 1 Taunton, 412. The Court of Massachusetts, in *Billings* v. *Taylor*, 10 Pick. 460, which was the case of a slate quarry, say " that it would be too narrow a construction to say that no part of this quarry was opened, except that portion which had been actually dug; but it must be considered that the whole lying together as one tract, belonging to one estate, and wrought in the manner above described, was opened, and that the widow was entitled to dower in that as well as in the other estate of her husband." The same doctrine was affirmed in *Coates* v. *Cheever*, 1 Cow. 460.

The jury must have found, under the instructions given, that the quarry had been opened and wrought during coverture, and, if so, the tenant has no cause of complaint.

The demandant claims that she is entitled to dower in the whole of the disputed premises.

That the instructions given were correct will be apparent by recurrence to the title of her husband, under whom she derives her right to dower.

The evidence shows that Ambrose Seiders and Abel Moore, the husband of the demandant, were, on October 14, 1831, seized as co-tenants of the premises in which dower was demanded. This being during coverture, her claim to dower in a moiety of the estate is fully established, and so the jury were instructed.

The remaining question is whether the demandant has shown a right to be endowed of the other moiety.

It appears that Seiders, on Dec. 10, 1832, conveyed his half of the premises in question to Moore, taking back from Moore a mortgage including the premises then conveyed and the half of which Moore was the undisputed owner. The deed and mortgage are of the same date, have the same attesting witnesses, are acknowledged before the same magistrate, and the notes secured are of even date with the mortgage, and, in the absence of all proof to the contrary, must be regarded

as part of one and the same transaction. Cunningham v. Wright, 1 Barb. 399; Keller v. VanDyck, 1 Sandf. Ch. 76.

If the deed from Seiders to Moore, and the re-conveyance back in mortgage, at the same time, had been only of the moiety conveyed to Moore, it would not have been questioned that this was a case of instantaneous seizin, and that the widow, as against the mortgagee or his assignee, was dowable only of the equity of redemption. Smith v. Stanley, 37 Maine, 11. But the circumstance that Moore included in the same mortgage other land than the moiety which Seiders conveyed, as security for the purchase money, does not affect the question. It was none the less a case of instantaneous seizin of the Seiders moiety, because the purchaser saw fit to secure him with other land in addition to that which was then conveyed. As against the mortgage, the widow was not dowable of this moiety, except upon its payment. Hastings v. Stevens, 9 Foster, 565.

On Aug. 23, 1834, Moore conveyed the whole estate to the tenant. The demandant is dowable of the same against all, except the mortgagee or his assignees, and against him, she is dowable as to the Seiders moiety of the equity of redemption.

It appears that, shortly after this conveyance, the tenant acquired, by assignment, the mortgage Moore had given Seiders. The tenant thereby succeeded to the rights of Seiders. The widow was not entitled to dower as against the mortgagee, and such was the instruction given. In the recent case of Young v. Tarbell, 37 Maine, 508, the right of a widow to dower was before the Court, and it was determined, where land is conveyed to the husband, and a mortgage taken back at the same time to secure the purchase money, that the widow, as against the mortgagee or his assignee, is dowable only of the equity of redemption, but as against all others, she is dowable in the land. The tenant, in that case, did not hold the mortgage, but the superior right of the mortgagee was recognized. In the case before us, the tenant is the assignee of the mortgage, and invokes it in bar of dower to the extent only of the Seiders moiety.

The mortgagee having been in possession more than twenty years, as against the mortgager, the mortgage is to be regarded as foreclosed, within the case of *Blethen* v. *Dwinal*, 35 Maine, 556. Whether the demandant in such case would be estopped as to dower in the equity, is not now before us. The instructions affirmed her right, and of that the demandant cannot complain.

*Exceptions and motion overruled.*

*Judgment on the verdict.*

TENNEY, C. J., RICE, CUTTING, MAY, and DAVIS, J. J., concurred.