## HENDRIX, EXECUTOR, v. McBETH ET AL.

DESCENTS.—*Lease.* — *Life-Estate of Widow in Mines.* — *Election Not to Take Under Will.*—*Dower.*—*Decedents' Estates.*—The owner of certain real estate, having leased the same for a certain period, for mining purposes, in consideration of a certain royalty to be paid him by the lessee, died testate, leaving surviving him a widow by whom he had no children, and also children by a former marriage. The widow, having elected to take under the statute, claimed one-third of the royalty accruing after the testator's death, whereupon the executor, being authorized by the will to collect the rents of the real estate to pay the testator's debts and bequests, brought suit against the widow and the lessee, who had paid him the other two-thirds, to collect the remaining third of such royalty.

*Held*, that the widow took a life-estate in one-third of such realty, which vested in her from the date of the testator's death.

*Held*, also, that she is entitled to an undivided interest in such mines, and that therefore the plaintiff can not recover.

From the Clay Circuit Court.

*I. M. Compton, G. A. Knight, C. H. Knight* and *C. Matson*, for appellant.

*S. W. Curtis* and —— *Holliday*, for appellees.

NIBLACK, C. J.—This was a suit by Eli Hendrix, executor of the last will of John Hendrix, deceased, against Robert McBeth, John McDowell, Major Collins and Joanna Hendrix.

The complaint stated that the decedent, in his lifetime, to wit, on the 20th day of May, 1873, entered into a writ-

ten agreement, known as a lease, with the defendant McBeth, by the terms of which he, the decedent, granted, demised and let to the said McBeth certain real estate therein described, for the sole purpose of digging, mining and removing coal therefrom for the period of twenty years from said date, and that, for all screened coal so dug, mined and removed, the said McBeth agreed to pay the decedent thirty cents per ton of two thousand one hundred and fifty pounds, payments to be made monthly; that said McBeth entered upon said real estate, sunk a shaft, and began the mining of coal; that afterward he assigned an interest in said lease to the defendants McDowell and Collins; that afterward, to wit, on the 27th day of July, 1875, the decedent entered into a supplemental agreement with the defendants McBeth, McDowell and Collins, by which the original lease was modified in respect to the rate of rent or royalty to be thereafter paid on coal dug and mined, as follows: "For the month of June, 1875, said Hendrix agrees to take twenty cents per ton; for the months of July, August and September, 1875, the sum of fifteen cents per ton, and from September 30th, 1875, to June 1st, 1877, the sum of twenty cents per ton," etc.; that, on the 25th day of August, 1875, the said John Hendrix died testate, leaving the defendant Joanna Hendrix as his widow, and certain children and grandchildren, the issue of a former marriage, as his lineal descendants surviving him; that the said Joanna was the wife of the decedent by a second marriage, and had no children by the said decedent; that, by the terms of the will of said decedent, the plaintiff, as the executor thereof, is authorized, empowered and directed to collect and receive the rents and profits accruing from his real estate, and to apply the same to the payment of the debts due from, and owing by, his estate, and in discharge of certain legacies provided for in said will, if the personal property belonging to his said estate should prove to be insufficient for such purposes; that there are debts outstanding

against said estate amounting to about the sum of ten thousand dollars, exclusive of said legacies, and that the personal estate of said decedent, over and above the portion claimed and taken by the widow, amounted to only about six hundred dollars; that the said Joanna, as the widow as above stated, elected to take her interest in the estate under the statute, and not under the will of the decedent, in which a provision was made for her; that, under the statute, she is entitled to only a life estate in one-third of the decedent's real estate, which said real estate has not yet been partitioned amongst those having an interest therein; that, since the death of the decedent, the defendants McBeth, McDowell and Collins have dug, mined and removed from the real estate so leased to McBeth and so held by them under said lease and the agreement supplemental thereto, about five thousand tons of screened coal, the royalty of which amounts to about one thousand dollars; that, of said last named sum, they have paid to the plaintiff, as executor as aforesaid, only two-thirds thereof; that they have refused to pay over to him the remaining one-third of said royalty, although the same has been specially demanded of them by the plaintiff at each monthly settlement concerning the royalty due under said lease and the supplemental agreement modifying the same; that there is due to estate of said decedent, for balance on said royalty of coal, the sum of three hundred dollars, withheld as above stated, and which the defendants McBeth, McDowell and Collins refuse to pay until the court, by proper judgment or decree, shall determine whether the plaintiff, as such executor, is entitled to receive the same, or whether the defendant Joanna Hendrix, as the widow of the decedent, is entitled thereto, they claiming that the said Joanna is exacting and demanding payment from them to her of one-third of said royalty, as the widow of the decedent. Wherefore the plaintiff demanded a judgment determining the rights of the respective parties in the premises,

and for a recovery of said sum of three hundred dollars against the said McBeth, McDowell and Collins.

The defendants McBeth, McDowell and Collins demurred to the complaint, for want of sufficient facts to constitute a cause of action against them. The defendant Joanna Hendrix also filed her separate demurrer to the complaint, alleging the same ground of objection to its sufficiency.

These demurrers were both sustained by the court, and the plaintiff electing to stand by his complaint without amendment, judgment was rendered against him upon the demurrers.

. We have, therefore, only to consider the sufficiency of the complaint on this appeal.

Upon the facts stated in the complaint, the defendant Joanna Hendrix is only entitled to a life interest in one-third of the decedent's real estate. Her interest in such real estate is quite similar to a widow's dower interest at common law, the only difference now occurring to us being that the said Joanna became entitled to her interest in her husband's real estate immediately upon his death, whereas a widow at common law does not become vested with title to her dower interest until it is assigned to her.

Kent, in his Commentaries, vol. 4, p. 41, says:

"Dower attaches to all real hereditaments, such as rents, commons in gross or appendant, and piscary, provided the husband was seized of an estate of inheritance in the same. * * * So, dower is due of iron or other mines wrought during the coverture, but not of mines unopened at the death of the husband; and if the land assigned for dower contains an open mine, the tenant in dower may work it for her own benefit; but it would be waste in her to open and work a mine."

Bishop on Married Women, vol. 1, sec. 265, says:

. "If there are opened mines on the husband's lands, the widow, on these lands being assigned her for dower, may work them, and it is not waste. Of course, she is not

confined strictly within the limits to which her husband had worked; for, if she were, she could take nothing. For example, where there were four acres consisting of a slate quarry, and a quarter of an acre had been dug over in the lifetime of the husband, the whole, on a question of dower, was considered as having been opened. And new shafts in a mine may be sunk, and old shafts sunk deeper, where all the material taken out is from one continuous body."

Further on, in section 264 of the same volume, Bishop says:

"And the doctrine appears to be general, that, if there are mines even on the husband's land, and these mines have been opened though afterward abandoned and closed by the husband, there may be special dower of them, and the widow has the right to her share in their product."

The doctrine thus enunciated by both Kent and Bishop is well sustained by numerous cases, amongst which the following may be cited: *Coates* v. *Cheever*, 1 Cow. 460; *Moore* v. *Rollins*, 45 Me. 493; *Stoughton* v. *Leigh*, 1 Taunt. 402; *Billings* v. *Taylor*, 10 Pick. 460; *Rockwell* v. *Morgan*, 13 N. J. Ch. 384; *Neel* v. *Neel*, 19 Pa. State, 323; *Irwin* v. *Covode*, 24 Pa. State, 162; *Russell* v. *Russell*, 15 Gray, 159; *Findlay* v. *Smith*, 6 Munf. 134; *Crouch* v. *Puryear*, 1 Rand. 258; *Stevens' Heirs* v. *Stevens*, 3 Dana, 371.

In our opinion, this doctrine is equally applicable to the interest which the defendant Joanna Hendrix took in the real estate of her deceased husband under the statute, and establishes her right to an undivided share in the coal mine in the possession of her co-defendants, as a part of such real estate.

We see no error in the decision of the court sustaining the demurrers to the complaint.

The judgment is affirmed, at the costs of the estate of John Hendrix, the decedent.