CLIFT *v.* CLIFT.

(*Knoxville.* September 22, 1888.)

1. DOWER. *In lands held in common.  Assignment.*

A widow is entitled to dower in all lands of which her husband died
seized and possessed, whether held by him in severalty or *as tenant in
common;* and where there are several distinct tracts—some held in
severalty and others in common—the entire dower may, under our
statutes, be laid upon one or more of the tracts held in severalty, and
need not be apportioned with exactness among the several tracts.

Code cited : §§ 3244, 3249 (M. & V.) ; §§ 2398, 2403 (T. & S.).

Case cited and approved : Walker *v.* Walker, 6 Cold., 571–581.

2. SAME.  *In coal mines.  Assignment.*

A widow is entitled to dower in coal mines, on lands of which her hus-
band was owner either in severalty or in common, and operated at
time of his death by lessees who paid certain stipulated "rents and
royalties;" and a just and proper method of assigning such dower is
to give her one-third of the proceeds derived from the mines to her
husband's share.

Cases cited and approved : 1 Vern., 218; 1 Taunt, 402; 1 Law, 460;
10 Pick., 460; 45 Maine, 493; 6 Munf., 134; 1 Rand., 258; 61 Ind.,
473; 73 Ill., 405; 13 N. J., 384.

3. SAME.  *Lands sold by heirs.  Value.*

If in assigning to the widow out of the remaining lands an equivalent
for her dower in other lands sold by the heirs, the Commissioners
adopt the price realized by the heirs as the true value of the land
sold, the heirs are estopped to complain.

4. SAME.  *Assignment.  Province of Court.  Direction to commissioners.*

In proceedings for assignment of dower the Court may, and, in com-
plicated cases, should determine such questions and give such direc-
tions, in advance of the assignment, as are requisite to enable the
commissioners appointed to discharge their duties properly, and
such as will prevent litigation, delay, and expense in contests over
their report.

2

---

Clift *v.* Clift.

---

5. SAME. *Account for rents.*

In proceedings for assignment of dower the widow is entitled to an
account for rents against the heirs.

Cases cited and approved: Summers *v.* Donnell, 7 Heis., 565; Lewis
*v.* James, 8 Hum., 537; London *v.* London, 1 Hum., 1.

---

FROM  HAMILTON.

---

Appeal from the Chancery Court of Hamilton
County. D. C. TREWHITT, J., sitting by inter-
change.

SHEPHERD & FRAZIER and JOHN L. KENNEDY for
Complainant.

RICHMOND & CLARK and CLIFT & CANTRELL for
Defendants.

FOLKES, J. This is a bill by the widow against
the administrator and heirs of William Clift, de-
ceased, for year's support, homestead, and dower.

It is charged in the bill, and the proof estab-
lishes, that the deceased owned quite a quantity
of real estate, consisting of several pieces of im-
proved agricultural lands, some wild lands, and
several hundred acres of coal lands, as also some
mill property.

The wild and unimproved lands were held by
the deceased as a tenant in common with others;
the mining lands being also held as a tenant in
common.

Clift *v.* Clift.

The bill alleges that the widow was not fully informed as to the real estate owned by her deceased husband, and seeks a discovery from the heirs, who are charged with being in possession of the title papers, as to the number of pieces, where and how situated, and the condition of the title of the respective pieces, some of it being said to be involved in litigation.

After properly overruling the demurrer, which we do not deem it necessary to discuss in this opinion, the Chancellor, after answer filed, directed a reference to the Master for a report as to the several pieces of land owned by the deceased; and upon report of the Master, showing the number, character, and location of the lands, entered a decree appointing Commissioners to allot dower, and directing that they ascertain the value of all the lands owned by the deceased (except the mining lands and the lands in litigation), including the value of the lands sold by the heirs since the death of the ancestor, and including the value of his interest in lands held in common with others, and that they assign to complainant, by metes and bounds, one-third part in value of all of said lands and interest, placing the dower upon the lands which the deceased owned in his individual right. The Commissioners were instructed not to take into account the lands the title to which was in litigation, but as to such lands the cause was to be retained in Court to await the result of such litigation, and if gained by the heirs the dower would thereafter be

assigned.  As to the lands upon which the coal
mines were being worked prior to and at the death
of the husband by the lessees thereof, under a
lease for ninety-nine years, at a fixed rent or royalty
per ton for all coal taken out, the Commissioners
were authorized to assign to the widow one-third
of the rents and royalties to which her husband
was entitled, to be held by her from the date of
his death for and during her life, unless the coal
and minerals should be sooner exhausted, in which
event she is to be entitled to have and enjoy one-
third of Wm. Clift's interest in said lands covered
by said mineral leases.  The Chancellor further de-
creed that the title of the widow to dower should
relate back to the death of Wm. Clift, and that
she is entitled to one-third of the rents of the
mines, and to all the rents of the homestead and
dower lands which may be assigned to her from
the date of the death of her husband.

The Master is directed to take proof and report
what amount of rents and royalties have accrued
upon Wm. Clift's share of the coal and mineral
lands since his death, and who has received the
same.

The decree further provides, that in assigning
dower the Commissioners shall not be compelled to
assign her a third part of each separate tract, but
may make the assignment according to quality and
quantity, in such manner as will give her one-third
in value of the whole estate, having due regard to
timber lands, etc.

From this decree defendants alone pray an appeal, and the Chancellor, being of opinion that it was a proper case for the exercise of the discretion given him under § 3157 (T. & S.) of the Code, to award an appeal from an interlocutory decree fixing the rights of parties and ordering an account, granted the appeal.

Appellants make no question here as to the action of the Chancellor in awarding year's support and homestead. And they admit the widow's right to have estimated, in assigning dower, the value of the lands sold by them since the death of the ancestor, amounting to some twenty-four or twenty-five thousand dollars.

The objection urged and pressed upon the attention of this Court in the assignment of errors is, that the widow is not entitled to dower allotted as to lands held by her husband as a tenant in common with others; and that as to the mining lands the decree is erroneous, both because of the fact that the husband's interest is that of tenant in common, and because the wife is given an interest in the rents and royalties resulting from the operation of the mines, the contention in this connection being that to allow her to reap the fruit of the mines is *pro tanto* a destruction of the inheritance to the injury of the heirs.

None of the objections are well taken.

The Chancery Court has jurisdiction to allot dower, and, as incident thereto, to compel production of title papers, and the discovery of any mat-

ters necessary to a proper ascertainment of the con-
dition of the landed estate of the husband in the
possession of the heirs.    M. & V. Code, § 5045;
Story's Eq. Jur., § 629*n*.

By statute in this State the widow is entitled
to dower in one-third part of all the lands of which
her husband died seized and possessed, or of which
he was equitable owner.    Code, § 3244.

And in assigning dower "the Commissioners shall
not be compelled to assign a third part of each
separate tract of land where there are more than
one, but may make the assignment, according to
quality and quantity, in such manner as will give
her (the widow) one-third in value of the whole
estate."    Code, § 3249.

This is substantially what the Chancellor has
directed in this case.

The Commissioners are told that in assigning
dower regard should be had to the value of the
lands held by the husband as tenant in common.

This was proper, for the reason that she could
not have dower assigned by *metes* and *bounds* out
of the property held as a tenant in common with-
out or until there was a partition of the property
so held, as is decided by this Court in *Walker* v.
*Walker*, 6 Cold., 571–581, and if the record here,
as there, disclosed that there was no other property
except such as was held in common with others,
it would be proper to let allotment of dower await
a partition which the widow might have made, if
the heirs failed or neglected to do so, provided the

property was of a character that could be partitioned in kind without injury thereto, and if no partition could be had, the property might be sold, and the widow have her dower assigned out of the proceeds of her husband's interest. See, in this connection, Code, § 3250.

It seems, however, that in such case, if the widow should prefer it, she may have assigned to her one-third of the share of her husband, to hold in common with the heir and other tenants. Scrib. on Dower, Ch. IV., § 17, and cases there cited. Be this as it may, it is not necessary for the purposes of this case to decide.

But in the case at bar there are a number of different tracts of land held in severalty, out of which dower can be assigned, and in making such assignment the Commissioners are told to take into consideration the value of the husband's interest in the lands held by him as a tenant in common.

Whatever might be said of the widow's right to complain of this part of the decree, as to which it is not necessary nor proper to decide, because she does not appeal, it is quite clear that the heirs cannot object.

Nor is there error in the decree giving the widow one-third of her husband's share in the rents and royalties received from the several different mines leased to several different parties or corporations.

The amount of the royalty fixed in the leases, and the share of the husband in the several pieces of land being made to appear, it is easy to arrive,

by a simple calculation, at the portion thereof that should be assigned to the widow. Indeed, under the facts of this case it is the only practicable means of allotting dower with any degree of justice to the widow or to the heirs.

The long lease prevents the property from being partitioned so as to permit of an allottment by metes and bounds. Nor can the value of the husband's interest be arrived at with any degree of accuracy so as to charge it upon other property held in severalty, out of which dower can be assigned.

The value of the property upon which the mines are being worked is dependent entirely upon the quantity of coal or ore contained in them. There is proof tending to show that the mines are now nearly exhausted, although this fact cannot be known, but only arrived at from indications which are more or less deceptive. Nothing but the continued working of the mines can disclose the quantity or quality of the minerals reposing in the bowels of the mountain, and the consequent value of the land.

If estimated as of great value, and placed upon other property, the heirs would be injured if the minerals should be soon exhausted, and *vice versa.*

This being manifestly just, let us see if authority is wanting to sustain it.

In 2 Scribner on Dower, Ch. IV., § 17, it is said, speaking of property indivisible in its nature, the widow must be content with a special endow-

Clift *v.* Clift.

ment.  " Thus, if the husband die seized of a mill, she may be endowed either of the third toll dish, or of a third of the profits, or of the entire mill every third month.   So, if the property be a ferry, one-third of the profits, or the use of the ferry for a third part of the time in alternate periods, should be set apart to the widow."   Citing several cases. See *Hoby* v. *Hoby*, 1 Vern., 218, and the leading case of *Stoughton* v. *Leigh*, 1 Taunt., 402.   While there was some vacilation in the earlier English cases, the Courts of this country seem uniformly to allow dower in mining property, certainly in all cases where the mines had been opened in the life of the husband.  See *Coates* v. *Cheever*, 1 Law, 460; *Billings* v. *Taylor*, 10 Pick., 460; *Moore* v. *Rollins*, 45 Maine, 493; *Findlay* v. *Smith*, 6 Munf., 134; *Crouch* v. *Puryear*, 1 Rand., 258; *Hendrix* v. *Mc-Beth*, 61 Ind., 473; *Lenfers* v. *Henke*, 73 Ill., 405; Malone on Real Prop. Trials, pages 633–4; *Rockwell* v. *Morgan*, 13 New Jersey, 384.

We hold, therefore, that dower is assignable to the widow in mines, quarries, and the like, and she may enjoy the same, either by an allotment by metes and bounds, or by a share of the rents and royalties where the mines or quarries were opened and operated in the life of the husband, whether the same be operated by the husband or by lessees paying rent or royalty on the yield.

And in determining the mode to be adopted in each particular case regard should be had always to the interest of the widow, and the widow is

entitled to an account with the heir for the
rents and profits from the death of the husband.
See *Summers* v. *Donnell*, 7 Heisk., 565; and
*Lewis* v. *James*, 8 Hum., 537; *London* v. *London*, 1
Hum., 1.

There is one other objection made to the decree
which it may be proper to notice. It is this:
that even if it be conceded that dower should be
assigned in the manner directed by the decree, the
Chancellor was in error in undertaking, in advance,
to direct the Commissioners, being, as is claimed,
an encroachment upon the discretion which the law
reposes in the Commissioners.

It is true that the Commissioners have a large
discretion in the matter or manner of allotting
dower, and ordinarily they should be left to its
free exercise, subject to the power and duty of the
Court to control their action upon the coming in
of the report.

But in a case of the character of the one at
bar, where the record discloses a complicated state
of affairs with reference to the condition of the
property, and raising questions of dispute between
the widow and heirs as to their relative rights, it
is not only not reversible error, but it is eminently
proper for the Court to settle in advance the rights
of the parties, and to give instructions to the Com-
missioners which will tend to remove manifest dif-
ficulties and shorten the litigation, delay, and ex-
pense which would result from allowing the Com-
missioners to fall into error, and then correcting

Clift *v.* Clift.

the same by setting aside the report and recommitting the matter to the Commissioners for further action.

Let the decree be affirmed at the cost of appellants, and cause remanded for further proceedings thereunder.

OPINION ON PETITION TO REHEAR.

FOLKES, J. Defendants have filed petition for rehearing in this cause, or for a modification of the decree.

The first objection is, that the decree "gives dower twice in the same lands." This idea is predicated upon the language of the decree, which directs the Commissioners to estimate the value of lands of deceased, including the value of the lands held in common and place same upon lands held severally. Then, in another and distinct part of the decree, it is directed that the widow have dower, in the coal mines, awarded by giving to her one-third of the rents and royalties issuing therefrom.

The defendants, in their petition, say that this will result in giving the widow dower twice; that is, the coal lands, being held in common, will be included in the value of the estate and placed upon the lands held in severalty, and after this is done she would have, in addition thereto, one-third of rents and royalties in the same lands that have already been estimated in fixing value of

lands held in common.[?] Such an apprehension is altogether groundless. It is to be presumed. that the Commissioners will read the decree correctly, and if they do they will clearly see that there are other lands held in common by the deceased, exclusive of the coal mines, to which they will be confined in placing value of lands held in common upon the lands held in severalty, and that the value of the coal mines yielding rents and royalties will not be included in such estimate, for the very manifest reason that as to such coal lands a separate and distinct provision is made. In other words, there being other lands held in common, to which the general language of the decree can apply, and a specific provision for the coal lands yielding royalties, the specific direction would control the general provision, and confine the estimate of value to the lands held in common, other than the coal lands.

If by any possibility the Commissioners could err in the construction of the decree, the Chancellor would set them right, in exceptions to their report, so there is no necessity for changing the decree of the Chancellor, which was merely affirmed here without being written upon the minutes, as is proper where there is no modification of the decree below, and cause is remanded for the execution of the decree as made below. It is next insisted that the decree, in giving dower in the rents and royalties of the coal lands, operates as a hardship upon the rights of the co-tenants of the

Clift *v.* Clift.

deceased husband in such lands—who are not parties to this suit—by preventing them from having partition of such coal lands, should they hereafter desire to do so. We are unable to see how the payment to the widow of one-third of the husband's share in the rents and royalties will hurt the co-tenants, or prevent their having a partition, should they desire in good faith to partition coal lands, which are. being operated by their lessees under a ninety-nine years lease, as seems to be the case with most of the coal lands in question. If they should desire it, however, they would have to do so either by contract *inter sese* in which the widow would be competent to join, if they could agree, and if not, then they could resort to original legal proceedings, which would not be embarrassed by the decree which we have affirmed in this cause.

If the partition is postponed until the end of the lease the probabilities are that the subsequent proceeding will interest the widow no further.

It is also urged in the petition for rehearing that, as some of the coal lands yielding rents are in litigation, the widow should be required to give a refunding bond to protect the lessees against a double payment, should the litigation result in the defeat of her husband's title.

This is a question not before us on the appeal in this cause, which was one allowed by the Chancellor to an interlocutory decree fixing the rights of the widow against the heirs, and giving directions as to allotment of dower. Our decree here

merely affirms the action of the Chancellor, so far as he has gone, and it is presumed that he will make such further decrees and orders as may be proper and necessary in the progress of the cause.

As the record is now before us, we have no more right or power to direct the widow to give a refunding bond than we have to direct the heirs to do so, and there is nothing in the record intimating that the claimants of the title in litigation, or the lessees of the mines, are any more interested, or urgent, in demanding security from the widow, than they are from the heirs, or from the co-tenants.

Certainly we would not require the widow to give such a bond on the motion of the heirs, who alone appealed to this Court.

The next objection to the decree is that the purchase money actually received by the heirs for the sale of certain of the lands, made by them after the death of the husband, should not be considered by the Commissioners in fixing the value of the estate, out of which the widow is to have dower, but the Commissioners must for themselves estimate the value of the lands now.

This objection is not well taken. Where heirs take upon themselves to sell lands and receive the purchase money, without consulting or providing for the widow's dower, they will not be heard to show that the property was worth less than they sold it for at the time, or that it has depreciated since the sale, while the widow has

been in litigation with the heirs in the effort to obtain her dower rights.

The petition also objects to the law of the case as decided by this Court in the opinion heretofore rendered concerning the allowance of dower in the rents and royalties.

As there is nothing advanced upon this question by the petition that was not pressed in the original argument, and disposed of in the opinion, we deem it unnecessary to add anything to what has already been said thereon.

The petition will be dismissed with costs.