ADMINISTRATION & TRUST CO. *v.* CATRON.

(*Nashville*, December Term, 1936.)

Opinion filed March 1, 1937.

 

CANTRELL, MEACHAM & MOON, of Chattanooga, for complainant.

CHAS. C. MOORE and GOINS & GAMMON, all of Chattanooga, for defendants.

MR. SPECIAL JUSTICE R. A. DAVIS delivered the opinion of the Court.

The complainant, as trustee, holds title to an undivided three-fourths interest in certain real estate located in Chattanooga, and the defendant is the owner of the other one-fourth undivided interest therein. The complainant filed this bill in its own name, and against defendant only, seeking to sell the property for partition. The bill does not disclose for whose benefit the complainant trustee holds the title.

The defendant answered the bill, and denied the right of the complainant to a sale for partition. He makes the question that the complainant, as trustee, has no such title as can support a bill for sale for partition, without making the parties for whom complainant holds the title, parties to the proceeding. And he filed his answer as a cross-bill, and brought in as defendants thereto Mrs. N. E. Burns, R. T. Wright, E. Y. Chapin, C. W. K. Meacham, and W. D. Moon, and complainant; and a sale for partition was sought under the cross-bill.

The cross-defendants answered the cross-bill, and the

five named individual cross-defendants denied that complainant lacked the power to force the property to sale for partition, and admitted that the complainant had such right. They insist that such power is vested in the complainant, under the deed made to it, and which deed is in the record.

The complainant acquired its title on July 30, 1935, at the foreclosure of a deed of trust then existing upon the premises. The deed to it does not disclose for whose benefit it took the title; but the granting clause of its deed is to the complainant, as trustee, "with full power to sell, transfer, convey, mortgage, or dispose of in any manner, without the consent, concurrence or disclosure of the beneficiary, and without the purchaser or mortgagee being required to look to the application of the proceeds of said sale, or mortgage, and its successors in trust and assigns forever, in fee simple." The *habendum* clause is to the complainant, as trustee, with the identical powers recited in the granting clause.

A stipulation filed in the cause shows that the complainant took the title for the benefit of the five individual cross-defendants, and by agreement with them, was vested with the powers set out in the deed to it.

█ While the deed under which complainant holds title to an undivided interest in the premises vests complainant with very full and complete rights as to sale thereof, yet, when complainant seeks to force a sale for partition, it is seeking to exercise a right, not of common-law origin, but which, in our opinion, must be controlled by the statute of this state.

Our Code, section 9165, is as follows: "Any person having an estate of inheritance, or for life, or for years, in lands, and holding or being in possession thereof, as

tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition, under the provisions of this chapter.''

The title vested in complainant is not one for life, nor for years; and its right to a sale for partition must rest upon determination of the question of whether its deed vests it with an estate of inheritance. And we are of opinion that it does not.

Blackstone, in Book II, p. 104, states that estates of freehold are divided into estates of inheritance, and estates not of inheritance. And at page 194, he points out that under the statute of Henry VIII and William III, tenants in common may be compelled to make partition of their lands, ''which they were not at common law.'' The modes of partition are pointed out at page 189. All of these deal with partition in kind, and not sale for partition.

An estate of inheritance is an estate which may descend to heirs. *Alexander* v. *Miller's Heirs,* 54 Tenn. (7 Heisk.), 65, 83; *Couch* v. *Eastham,* 69 W. Va., 710, 73 S. E., 314, 39 L. R. A. (N. S.), 307; 21 C. J., 917; 3 Words and Phrases, First Series, 2490.

Such an estate, on the death of the owner intestate, descends to his heirs. Manifestly, the title held by complainant is not an estate of inheritance. Complainant is vested with its title solely for the benefit of its *cestuis que trustent.* Complainant's title will not, therefore, under our statute, sustain a bill for sale for partition. The chancellor should so have decreed, and should have ordered the sale for partition under the cross-bill, and his decree will be so modified. The question is of no great importance in this case, since all agree that a sale for partition is necessary, but technically the chan-

cellor's decree is erroneous. It is such character case, however, under which the chancellor may, in his discretion, allow fees to both sides, from the proceeds of the sale.

Cost of the appeal will be paid by the complainant; cost below will be adjudged by the trial court, to which the cause is remanded.