Leo D. Feder et al.

*v.*

Ella Feder Flattau et al.

(*Nashville,* December Term, 1958.)

Opinion filed March 12, 1959.

Rehearing denied May 1, 1959.

WALTER CHANDLER and E. W. HENRY, Memphis, for appellant (complainant).

JOHN T. SHEA and HARRY C. PIEROTTI, Memphis, for appellee (defendant).

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is a direct appeal from the Chancery Court of Shelby County, the same being on the pleadings with a stipulation as to testimony.

The question to be decided is correctly stated on the appellant's brief, as follows: "After dower is assigned, is a dissenting widow entitled to one-third of the rentals from the lands from the date of the death of her husband to the date of the assignment of dower?"

We have carefully examined the pleadings as they appear in the record and feel that it is not necessary to recite in this opinion the specific averments in the original and amended bill, and the response of the defendants. The question presented on this appeal arose in a suit filed by Leo D. Feder, owner of an undivided one-half interest as tenant-in-common with his deceased brother, Sam Feder, in certain rental property in Shelby County, for partition, or sale thereof for division. In this suit the widow of Sam Feder, deceased, and remaindermen under the latter's will, were made defendants. The real estate was sold by an interlocutory decree and distribution was made of the proceeds therefrom.

"The widow received her dower in all the real estate by the sale thereof and the payment to her of the cash value of her said dower interest was based on her age." The foregoing is from the appellant's brief and is undoubtedly correct; it is not in serious dispute.

The widow, however, in her answer and cross bill insisted not only that dower be assigned to her out of the real estate but that she be awarded dower in the net rentals derived during the period of five years between the date of his death and the date of her application for assignment of dower.

Some question is made as to the age of the widow, which was important in arriving at the cash value of her dower interest, but it was agreed that she was sixty-five (65) years of age and settlement was made on that basis. Her right to have dower out of net rentals of the real estate which her husband held as a tenant-in-common with his brother, the complainant in the original bill, was the crucial issue in the cause.

The Chancellor held that the widow was entitled to dower in any event to the net rentals of the real estate accruing from the date of his death, but is mistaken in that holding she was so entitled on the ground that "there was an impediment placed in the way of the widow claiming dower" and her failure to sooner petition the court for dower was excusable.

It conclusively appears that the widow, although represented at all times by able counsel did not make application for dower in the net rentals of his real property until complainant filed the original bill for sale of the property for partition, which was April 5, 1956. The deceased Sam Feder died on October 4, 1951, and his will was probated October 19, 1951. It thus appears that the widow, who dissented from the will on May 16, 1952, made no application for dower for five (5) years after his death.

We think the learned Chancellor was clearly in error in holding that "there was an impediment placed in the way of the widow claiming dower." She could have petitioned the County Court at any time for dower, and neither the devisees nor the Executor of the will, or anyone else, could have had any grounds for objection thereto. She was entitled to dower as a matter of right. Moreover there was no impediment in her deceased husband's will, and in her answer and cross bill she made no claim that there was an impediment to her right to claim dower, other than an averment in the answer and cross bill "that their marriage would have nothing to do with the real estate or the store owned by him and his brother." She was in no sense bound by the terms of the will, which was executed four (4) years prior to their marriage. Nor was she barred from claiming dower as a

result of any verbal agreement with, or promise made by, the testator, if any, as to her rights in his property. Having dissented from the will on May 16, 1952, she elected to take such interest in his estate, both real and personal, as she was entitled to as a matter of law. With all deference to the Chancellor and counsel we can find nothing in the record to support the theory that there was such an impediment to the widow's claim and right of dower as amounted in law "to a deforcement of the widow's dower." Her failure to file a petition for assignment of dower for over five years following her husband's death remains unexplained upon any theory.

■ There was an agreement to sell the property of the deceased for partition, the proceeds being distributed according to the rights and interest of all interested parties. The delay in determining the cash value of the widow's dower was not an impediment to her right. It resulted from the fact that she claimed she was only forty-nine (49) years of age when it was finally decided *and agreed upon* that she was sixty-five (65) years old. She accepted full payment for her dower interest based upon this age.

■ While the matter of the widow's dower and proceedings to allot dower are controlled by statute in this State, we can find nothing in any section of the Code upon which the widow can maintain her present claim to dower in the net rentals of the real estate, title to which passed to the various devisees mentioned in the will. They took their respective estates subject to the widow's dower.

■ The counsel for the defendant widow are insistent that there is no waiver; that the doctrine could not apply

especially where there were obstacles thrown in her way, i. e. an impediment which amounted to a ''deforcement'' of her right of dower. As we understand the law relating to ''deforcement'' which tends to preclude or delay the widow's petition for dower, it is some act of the heir, or devisee, which amounts to a wrongful act. The case of *London v. London,* 20 Tenn. 1, is a clear illustration of an impediment to the widow's right of dower. We have not such a comparable situation under the facts of the case now under consideration.

The cases relied on in support of this contention do not control the case at bar, such as *Clift v. Clift,* 87 Tenn. 17, 9 S. W. 198, 360, and *Lewis v. James,* 27 Tenn. 537. These cases, and other cases cited on appellee's brief, involve assignment of dower in lands which are not capable of division, such as coal mines in the Clift case, and real estate in *Lewis v. James,* which property was incapable of being allocated to the widow by metes and bounds. In the latter case there could be no assignment to the widow of the ''mansion house'' and homestead. It cannot be doubted that under certain circumstances a court of equity may decree compensation in lieu of dower. We think the authorities in this State generally ·support the right to dower in specific property of a deceased husband's real estate. See *Briscoe v. Vaughn,* 103 Tenn. 308, 52 S.W. 1068, and cases cited therein. There it was expressly held that as to dower it must be assigned and designated by metes and bounds (103 Tenn. at page 313, 52 S.W. 1068). We can find no reported case holding to the contrary.

In support of the foregoing general rule it was held in an early case, *Vincent v. Vincent,* 1870, 48 Tenn. 333, that

the value of improvements on land is not to be considered in assigning dower. The Court thus observes (at pages 339-340):

"* * * The leading object of the statute is to give her the mansion-house and buildings, or such part thereof as will afford her a decent residence, due regard being had to her condition and past manner of life. It was not the intention to compel the widow to take all the buildings and improvements, and to lose any part of that share of the land which was intended to be assigned for her support."

We readily agree to the contention that when the lands of the deceased, or other holdings such as leaseholds and the like, cannot be allocated to the widow as dower and assigned by metes and bounds, then she may claim her dower in rents and profits accruing therefrom. This is our interpretation of the rule in *Lewis v. James,* supra. The facts of the case at bar do not bring it within the rule as announced in the foregoing decisions.

We think the case more clearly in point, and which controls the case at bar, is *In re Moore's Estate,* 34 Tenn. App. 131, 234 S.W.2d 847, 852. In a very elaborate opinion in which the several Code Sections in T.C.A. relating to the assignment of dower were reviewed, the court said (opinion by Anderson, P. J.):

"* * * These statutes and others relating to dower contemplate that in a case where the property is so situated and is of such character that it can be done, *a specific part of the land of the deceased shall be set apart as dower*. Otherwise, the heir would be severely handicapped in dealing with his part of the property, for dower is an encumbrance upon his right. *Kitts v.*

*Kitts,* 136 Tenn. 314, 189 S.W. 375. The widow would be likewise at a disadvantage. She would have no right of entry or title to her estate and could not deal with it as her needs might require. *Downs v. Allen,* 78 Tenn. 652; *North v. Puckett,* 164 Tenn. 100, 46 S.W.2d 73, 81 A.L.R. 1107. For a w i d o w has no estate in the land of her deceased husband until it is assigned to her as dower. *Thus, she cannot maintain an action at law for occupation or for rents accruing after the death of her husband before the assignment of her dower. Thompson v. Stacy,* 18 Tenn. 493; *London v. London,* 20 Tenn. 1; nor can she sue for possession of or injury to the land. *Guthrie v. Owen's Heirs,* 18 Tenn. 339; *Latta v. Brown,* 96 Tenn. 343, 34 S.W. 417, 31 L.R.A. 840; *Briscoe v. Vaughn,* 103 Tenn. 308, 52 S.W. 1068." (Emphasis ours.)

In the instant case the deceased Sam Feder owned at his death a number of pieces of valuable real estate, valued at approximately $70,000. No contention is made by the widow that these several properties were of such a character that a reasonable allocation could not have been to the widow as her dower.

In *Thompson v. Stacy,* 18 Tenn, 493, cited in the opinion *In re Moore's Estate,* supra, it is said:

"Dower having, then, to be recovered by a real action, no damages were at common law recoverable by the wife for the detention, because damages can only be given for the detention of the possession, and in writs of right, where the right itself is disputed, no damages are given, because no wrong is done until the right is determined. Co.Lit. 32 b; 1 Keb. 86; 1 Cru. 169; 2 Inst. 286; 10 Co. 216.

"This rule, however, was partially remedied by statute of Merton, passed 20th Hen. III., ch. 1, which provides that 'widows which, after the death of their husbands, are deforced of their dowers, and cannot have their dowers or quarantine without plea, whosoever deforce them of their dowers or quarantine of the lands whereof their husbands died seized, and that the same widows after shall recover by plea, they that be convicted of such wrongful deforcement shall yield damages to the same widows, that is to say, the value of the whole dower to them belonging, from the time of the death of their husbands until the day that the said widows, by judgment of our court, have recovered seizin of their dower.'

\* \* \* \* \* \*

"But if the heir or feoffee assigns dower, and the widow accepts thereof, without an allowance for her damages, she cannot afterwards claim them, because having accepted dower, which is the principal, she cannot afterwards sue for damages, which are only accessory."

■ We think that under T.C.A. sec. 30-902 "Note 2" is misleading. It appears to state unequivocally that the widow is entitled to dower in any case to the rents for the period in question. But under the decisions to which we have referred, and especially *In re Moore's Estate,* she is entitled to rents as part of her dower when the heir or devisee has deforced her, or the estate cannot be partitioned in kind, or dower assigned in specific property. An important case, dealing with the right of dower at common law, appears in *Tool's Lessee v. Pride,* 1 Tenn. 234, wherein it is held:

"At common law, the heir was bound to assign dower, and, until he had done so, could not maintain ejectment against the widow to recover the mansion house held by her. But this principle was changed by the Act of 1784, under which the widow must begin by filing her petition, and, if she neglect to do so and hold the mansion house, the heir may recover in ejectment."

We feel that it is hardly a matter of serious controversy that the widow must petition for dower, the burden being upon her to act unless she is deforced by the heir or devisee. She is the real party in interest and where there is no impediment to her right of action, vouchsafed to her under the common law and by statute, she has no one to blame but herself for her failure to petition the court for assignment of dower.

We think from all the authorities she had no vested interest in her husband's real estate until there was an assignment of dower, *In re Moore's Estate,* supra. In these circumstances she is not privileged to claim any right to rentals in property after a lapse of more than five (5) years following her husband's death.

The assignments of error are sustained and the decree of the Chancellor is reversed. The cross bill is dismissed. Remanded for such further orders as may be necessary for a final decree consistent with this opinion.

NEIL, CHIEF JUSTICE.

## On Petition to Rehear

A petition to rehear has been filed on behalf of Mrs. Annie P. Feder, the widow of Sam Feder, deceased, based upon alleged errors in the original opinion of the

Court. The petition does not comply with the rules of the Court because no new authority is cited, nor is any material fact overlooked. But due to the importance of the case, and the commendable zeal of petitioner's counsel, we feel obliged to make response to the assignments of error.

[1] The petitioner complains of the following erroneous statement in the original opinion, that at the time of decedent's death he was the owner of real property of the approximate value of $70,000 when the record showed he was the owner of a one-half interest in said property. While we readily concede that this was error it is wholly immaterial inasmuch as the merits of the case were reviewed and determined on the basis that Sam Feder owned only a one-half interest.

[2] Complaint is made as to the erroneous conclusion that no impediments were placed in the way of the widow claiming dower. The conclusion of the Court was based upon the facts and the circumstances surrounding the parties. The correspondence between counsel for the respective parties and the pleadings in the case were not considered in deciding the point at issue. It is settled law that pleadings in any case is not evidence except where a fact is alleged to be true and admitted in the answer. The correspondence between counsel is not determinative of the issue of deforcement. At most it is only a remote circumstance.

The administration of Sam Feder's estate by the personal representative is not important in determining the matter of the widow's dower. She had dissented from the will and was entitled to her interest in the personalty, as if the said testator had died without a will; no com-

plaint is made that she did not receive her share of the personalty. Her secret marriage to the deceased was wholly foreign to the issue involved, and the alleged agreement between husband and wife that it "would not have anything to do with my holding in store or real estate" did not debar, or hinder, the widow in any way whatever to any legal action to have dower assigned to her, even if the widow's testimony to that effect could be held competent under the "Dead man's Statute." This contention of error was discussed in the original opinion and the petition is a re-argument which is forbidden by the rules of the Court.

[3] Contention is made that we misapplied the case of "*In re Moore's Estate,* 34 Tenn.App. 131, 234 S.W.2d 847" because the present suit was one in *equity* and was not a suit at law. The foregoing contention was fully discussed in the original opinion. However, we think the following response to the petition to rehear is conclusive of the issue:

"* * * A widow's right to dower in the property of her husband is based on the statutes and common law of Tennessee. A court of equity has no authority to add mesne rents and profits to a widow's legal dower interest, *in the absence of a deforcement* by the heirs, this Court having correctly held that there was no deforcement in the case at bar." (Emphasis ours.)

It is further pointed out that the single issue before the Court was whether the widow is entitled to *mesne rents and profits* on her dower interest in her husband's property when no application was made for it for more than five years after his death; her failure to apply for it after she had been paid in cash the full value

of her dower interest. The learned counsel for petitioner is mistaken in construing the original opinion as to the exact time in which the widow must apply for assignment of dower. The Court does not hold that "she must act the day after" her husband's death, nor that she must dissent from the will otherwise than as required by law. Code, Section 31-605, T.C.A., to which counsel refers, provides that the widow must "signify her dissent in open court, to be entered of record, within nine (9) months after the probate of the will." Sub-section (2) provides that where the whole property of decedent (including any bequest to the widow) she may sue for her dower "without any formal dissent." Where the testator makes no provision whatever for the widow, as in the case at bar, the statute clearly contemplates that a dissent and an application for dower must be within nine (9) months after the will is probated. It is true there is no specific limitation of time in which application for dower must be made, yet a liberal and equitable consideration of her right in this regard will not justify delaying a petition for dower as long as five years after the will of deceased is probated, where the heirs or other beneficiaries are not shown to have been guilty of any wrongful act of deforcement.

The petitioner's counsel again insists upon the case of *Bettis v. McNider*, 137 Ala. 588, 34 So. 813, as sustaining and controlling authority; also *In re Dixon's Estate*, 73 Wyo. 236, 278 P.2d 258, 260, 50 A.L.R.2d 1240, wherein the statute of the State of New York applies to "interest of a surviving spouse".

The cases do not deal with the specific right of dower in mesne rents and profits of decedent's real property ex-

cept where there has been a *deforcement of the widow.*
The petitioner also relies upon the case of *Walker v.
Walker,* 46 Tenn. 571, which holds "that, before dower
is assigned, the land (owned by deceased husband in
joint tenancy with another) should be partitioned, and
the wido wendowed of that moiety assigned by the parti-
tion to be her husband's." To this holding there can be
no dissent by this Court. But it is no authority here
since it is not disputed that the widow may assert her
right of dower in her deceased husband's "moiety" in
*an undivided interest.* The question of dower in mesne
rents and profits in such lands was not before the Court.

A case involving dower in an undivided interest in
lands, the husband owning an "equal moiety" with an-
other, is *Duncan v. Greer,* 173 Tenn. 555, 121 S.W.2d
564, wherein it is held:

"A widow, to whom her deceased husband's half
interest in town lot, owned by him and another in
equal moieties as tenants in common, was assigned as
dower, *held* life estate in half of such property as
cotenant with owner of remaining half, and they were
equally entitled to possession thereof, so that she was
entitled to partition or sale for partition thereof."

We have read in full the case of *Administration &
Trust Co. v. Catron,* 171 Tenn. 268, 102 S.W.2d 59, cited
by petitioner, and it has no application to the right of
dower in an undivided interest of a deceased husband.
It deals solely with the power of trustees to sell such
lands without the consent of the cestui que trust.

After full consideration of the petition, we feel that
the original opinion is correct. The petition to rehear
is accordingly denied.