Bennett *v.* Coldwell.

Jos. D. Bennett and Wife *et al. v.* John C. Coldwell.

1. Administrator's Sale. *When void. Purchaser's rights under.* In the case of a void sale by an administrator, the purchaser of land at such sale, belonging to the estate, will be substituted only to the rights of the creditors whose debts were paid by his money.

2. Same. *Same. Waste by administrator.* If the administrator has wasted the estate, he and the securities on his bond are liable to the creditors to the extent of the waste, and not the land of the heirs. This is so even if both the administrator and his securities are insolvent. The loss falls upon the creditors.

3. Same. *Same. Heirs not security.* The law does not make the heirs securities for the administrator, nor make their rights dependent upon the integrity or negligence of the administrator.

Case cited : Martin *v.* Turner, 2 Heis., 384, reviewed.

4. Same. *Same. Dower.* When the widow is the administratrix in such case, if she has not claimed any dower interest, and never had any set apart for her, the purchaser will not be entitled to relief out of the land to the extent of dower interest.

FROM BEDFORD.

Appeal from the Chancery Court. Jno. R. Steele, Chancellor.

Wisener & Son and Cowden for complainants.

Cooper & Frierson for defendant.

Lea, Sp. J., delivered the opinion of the court.

John D. Johnson died in 1860, intestate, and at the August term, 1860, of the County Court of Bed-

ford county, W. E. Johnson and Mary A. Johnson were appointed and qualified as administrator and administratrix of his estate. Sometime thereafter W. E. Johnson, the administrator, died, and the administration of the estate then devolved upon Mary A. Johnson, the administratrix, who was the widow of the intestate. The said John D. Johnson left surviving him several children, his heirs at law, who are complainants in this bill.

The said Johnson, at his death, had a large personal estate, and was the owner of a house and lot in the town of Shelbyville. On the 23d day of April, 1863, Mary A. Johnson, the administratrix, sold the house and lot to the defendant, John C. Coldwell, for $4,400, in Confederate treasury notes, and executed a bond to procure title to be made to Coldwell by the County Court of Bedford county, which has never been done.

The heirs of John D. Johnson file their bill in April, 1870, to set aside this sale as void, to put them in possession, and for an account for rents.

To this bill defendant Coldwell files a demurrer, which being overruled, he files an answer in the nature of a cross-bill, making the complainants in the original bill and Mary A. Johnson, defendants, in which the sale of the house and lot by Mrs. Johnson is admitted. But he alleges that one Cummings had an account against the estate of John D. Johnson, upon which suit had been brought in the Circuit Court of Bedford county for about $3,200, and that upon the sale of the property by Mrs. Johnson, she paid

off this indebtedness of her husband's estate with the proceeds arising therefrom, and with the balance paid other debts of the estate, and therefore he asks, that if the sale cannot be confirmed by the court as manifestly for the interest of the heirs, that the court will decree to him the amount of the purchase money and interest, and that the same shall be a lien upon the said house and lot. And he alleges further that he is entitled, by reason of his purchase, to at least the dower interest of Mrs. Johnson. The defendants, in the cross-bill answer, denying that any part of the $4,400 paid by Coldwell was used in the payment of the debts of Johnson's estate, and denying that Coldwell had any interest in the house and lot by reason of dower, Mrs. Johnson stating that she had never asked or claimed a dower, nor had any ever been set apart for her.

Proof was taken, and the cause was heard.

The chancellor decreed that Coldwell, the complainant in the cross-bill, was entitled to a decree for so much of the purchase money as was used in the payment of the debts of the estate of John D. Johnson, and that the same was a lien upon the house and lot, and that the same should be sold to satisfy said decree.

In the settlement of Mrs. Johnson as administratrix of her husband's estate, a copy of which is exhibited in the cross-bill, she charges herself with the sum of $14,667.28, money received by her as administratrix, in which is included the sum of $4,400, amount of sale of house and lot, and she credits her-

self with the sum of $10,570.20, leaving a balance of $4,097.08. She is afterwards credited with the sum of $2,050.54, cash paid for family expenses, and for a piano, leaving a balance in her hands of $2,046.54. In the settlement she is also charged with notes therein set forth, belonging to said estate, amounting to the sum of $7,025.25, which she states are all at interest, and will be accounted for when collected. It is also stated in her settlement that W. E. Johnson, the administrator, had collected a sum of money, amount not stated, for which he had never accounted. It is thus shown that there are personal assets, belonging to said estate, amounting to upward of $900, after payment of all the debts which she reports against the estate. In her answer to the cross-bill she states she sold the house and lot, not for the purpose of getting money to pay the debts of the estate. And to prove the truth of that statement, she says, " and she was also offered a few days before said sale, by M. M. McClure, the amount of a note he was owing said estate, which now amounts to near four thousand dollars, and which she, by said failure to collect, has lost the entire amount to the estate of her deceased husband."

It is clearly shown that there are assets in the hands of the administratrix more than sufficient to pay any claim which may be due Coldwell by reason of said purchase, or the same has been wasted by her mismanagement. If the purchase money for the house and lot was used in the payment of the debts of Cummings and others against the estate, the purchaser, the sale being void, is only entitled to be substituted

Bennett *v.* Coldwell.

to the rights of the creditors whose debts were paid by his money. The creditors of the estate have no right to a sale of land, belonging to the heirs until the personal property is exhausted.

If the estate has been wasted and destroyed by the administratrix, she and the securities upon her bond are liable to the creditors to the extent of the waste, and not the land of the heirs.

If the administratrix has wasted the estate, and both she and her securities upon her administration bond are insolvent, the land of the heir cannot be made liable. The loss in such case must fall upon the creditor. The law does not make the heirs securities for the administrator, nor make their rights dependent upon the integrity or negligence of the administrator. Hence, we are of the opinion that the decree of the chancellor declaring a lien, and ordering a sale of house and lot, was erroneous.

The sale was unquestionably void, for the administratrix had no power to sell the house and lot, which had descended to the heir.

To support the views of the chancellor, we are referred to an opinion of this court in the case of *John W. Martin et als.* v. *H. L. Turner,* 2 Heis., 384.

In that case it is true the court ordered a sale of real estate to repay the purchase money paid at a void sale, but then the clerk had made a settlement with the administrators, and reported to the court that there had come into their hands $3,128, and that they had paid out $4,441, leaving the estate indebted to them $1,312, which report was confirmed by the court.

There was then a necessity for the sale, the personal estate being exhausted, and an outstanding indebtedness of $1,312.

But it is insisted that this case is analagous to the cases of verbal sales of real estate, where specific performance being sought by the vendee who has been put in possession, and resisted by the vendor, or his heir, on the ground that the sale is void under the statute of frauds.

In such cases, upon the clearest principles of equity, the vendee is entitled to a decree for the purchase money paid, and it is declared a lien on the land of the vendor. But we cannot see wherein such cases have any analogy to this case. .Here the vendor did not sell her own land, but land which belonged to other parties, and without their consent, for the heirs were all minors at the date of the sale; and the purchaser at the time of the sale well knew the house and lot was not the property of his vendor, but belonged to the heirs of Johnson.

But it is further insisted by the purchaser that he is at least entitled to the dower interest of Mrs. Johnson in said house and lot. No dower has ever been claimed or applied for by her, nor has any ever been set apart to her. Was any estate in land cast upon her by law at the death of her husband? None. The lands descended directly to the heirs. It is true the law gives her a right of dower in the land, but she has never claimed, nor, as before stated, has any ever been assigned her; besides, this contract exhibited is not an executed but an executory contract; she was

Bennett *v.* Coldwell.

to procure the County Court of Bedford county to divest and vest the title. We are therefore of the opinion that the defendant Coldwell is not entitled to any dower interest in said house and lot as against the heirs.

The decree of the chancellor is reversed; the cross-bill is dismissed; the sale declared void; the heirs entitled to possession; and the cause remanded for an account. The purchaser, Coldwell, will be charged with reasonable rents since he went into possession, and be credited with the value of the improvements to the extent they have enhanced the value of the house and lot, and with the amount of taxes paid thereon, but not in excess of the rents.

The costs of this court and the court below will be paid by the defendant Coldwell, except the costs incident to the taking of the depositions of witnesses to prove the general character of Mrs. Johnson and her son, which will be paid by the complainants in the original bill.