## T. I. WEBB *v.* C. H. JONES.

CHANCERY JURISDICTION. A creditor cannot by proceeding in chancery (upon a *nulla bona* return), reach and compel a debtor to appropriate money he has obtained by mortgage and which he has in his possession, to the payment of his debt. This case distinguished from *Cresswell* v. *Smith*, 8 Lea, 688.

### FROM HAYWOOD.

Appeal from the Chancery Court at Brownsville. W. W. McDowell, Ch., presiding by interchange.

The bill in this case alleged that complainant had recovered a judgment against the defendant before a justice of the peace, and had execution issued on same which was returned *nulla bona*, and that the defendant had recently mortgaged certain property by which he had obtained $2,000 in money, which he had in his possession, and that he was concealing same to prevent execution being levied on it, and prayed that defendant be enjoined from disposing of same, and be required to discover, and compelled by contempt proceedings, to appropriate same or enough thereof to the payment of complainant's claim and costs, and for personal decree against defendant.

MOORE & BOND for complainant.

BOND & RUTLEDGE for defendant.

FREEMAN, J., delivered the opinion of the court.

This case was placed on the easy docket for an

Webb *v.* Jones.

affirmance some weeks since. On consideration the court concluded it was a proper case for reversal of the chancellor, that the demurrer should have been sustained, and the bill dismissed, and so adjudged.

An earnest petition for rehearing is now presented. We see nothing in it, however, but what was pre-presented in brief of complainant's counsel before, nor any thing to change our opinion.

It is simply a bill by a creditor proposing, by proceedings in a court of chancery, to reach and compel a debtor to appropriate $2000 of money he has obtained in a mortgage, and which is in his posses-sion, to the payment of his debt. It is filed, as argued on the assumption, that the case of *Creswell* v. *Smith,* 8 Lea, 688, authorized the relief sought. But in the concluding part of the opinion, page 702, it will be seen that Judge McFarland expressly says: " We are not to be understood as intimating that a bill might or might not be maintained to compel a defendant to discover whether he has money to pay his debt." That is this case, and the question was pretermitted, and not then decided.

At last term at Knoxville, in a case not yet re-reported, we held such a bill could not be maintained. Having settled the question, we thought it useless to allow this litigation to go on at expense and trouble, be decided ultimately on proof, and then come back to this court, to have the bill then dismissed on the demurrer, and so determined to end the litigation at this point. We think our conclusion was correct, and dismiss the petition for rehearing, so far as the ques-

tion above stated is concerned. But on looking to
the prayer of the bill, we find complainant has prayed
for a decree in this case for the amount of his judg-
ment before the magistrate. He is entitled to this.
The decree below will therefore be reversed, a decree
rendered, dismissing the bill as to the relief sought
against the $2000 sought to be impounded, and remand-
ing the case for answer or further proceedings as to
the right to have decree for the judgment before the
magistrate. Costs of this court be paid by complain-
ant, the cost of the court below to be adjudged by
chancellor.