In re MAGEN et al.

(District Court, E. D. Pennsylvania. June 6, 1910.)

No. 3,641.

1. BANKRUPTCY (§ 229*)—CONTEMPT—PROCEEDINGS BY REFEREE.
   Where bankrupts have been guilty of contumacious behavior, the referee may certify the same to the court for punishment for contempt of his own motion, without notice to the bankrupts; they being given notice and an opportunity to be heard in the proceedings before the court.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 385; Dec. Dig. § 229.*].

2. BANKRUPTCY (§ 229*)—CONTEMPT PROCEEDINGS—POWER OF REFEREE.
   While a referee in bankruptcy exercises a judicial office, he cannot himself punish the bankrupts for contempt.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 385; Dec. Dig. § 229.*]

3. BANKRUPTCY (§ 229*)—CONTEMPT PROCEEDINGS.
   Where a referee does not act on his own motion in contempt proceedings against the bankrupt, but they are instituted by petition, the bankrupt should be accorded notice and hearing before the referee.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 385; Dec. Dig. § 229.*]

4. BANKRUPTCY (§ 241*)—EXAMINATION OF BANKRUPTS—CONTEMPT.
   Where bankrupts' examination before the referee showed that their affairs had been viciously conducted, and that they had been carrying on their business fraudulently for several months before their failure, and must have known many details, concerning which they professed ignorance or lack of recollection in their examination, they would be punished for contempt.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 405; Dec. Dig. § 241.*]

In the matter of bankruptcy proceedings by Morris Magen and another. Application to punish the bankrupts for contempt. Granted.

Julius C. Levi, for trustee.
Bernard Harris, for bankrupts.

J. B. McPHERSON, District Judge. At the trustee's request the referee has certified that the bankrupts' answers upon their examination were manifestly false and evasive, and recommends their punishment for contempt. They did not have notice of the trustee's petition,

or of the contemplated action thereon, and in this I think the proceeding was erroneous. I see no reason to doubt that the referee may certify such a state of affairs upon his own motion; but, if the proceeding is begun by an interested party, the bankrupts are entitled to notice, as of any other action that may affect them personally. The referee exercises a judicial office, and, while he cannot himself punish for contempt, he may take the needful preliminary steps to bring the bankrupt's conduct to the attention of the court; and he need not give notice of his intention so to do. The contempt is committed in his presence; and, in asking that the court investigate the matter further, he is acting on his official responsibility. The court will then give the bankrupt notice of the proceeding, and will afford him an opportunity to be heard. If, however, the referee does not choose to act upon his own motion, the situation is on a different footing. It is then an ordinary dispute between the party presenting the petition and the bankrupt, and the usual course of notice and a hearing should be followed.

After the present certificate was returned to the District Court, a day was fixed for the hearing, with notice to the bankrupts' counsel, who thereupon agreed to waive the previous irregularity. At the hearing the bankrupts produced a number of witnesses, who gave a good deal of additional testimony on their behalf, and the question in dispute was fully argued. There has been ample opportunity, therefore, for explanation or excuse, and the whole subject is now before the court. Since the argument a recent decision of the Court of Appeals for the Second Circuit has been published—In re Schulman, 177 Fed. 191—and I refer to it as an admirable statement of the reasons for giving great weight to the referee's opinion concerning the character of a bankrupt's answers, and for permitting a referee to report him as contumacious at any time during the examination. But, entirely aside from the referee's report in the present case, the cold record of the bankrupts' testimony—and I have read all the voluminous testimony that has been taken—abundantly justifies the conclusion that they were carrying on business fraudulently for several months before their failure, and must have knowledge now of many details about which they profess ignorance or lack of recollection. It would be useless to specify. The whole tone of the examination is sufficient, even if due weight be given to the earnest and very capable argument of their counsel, and due allowance be made for the vicious method, or lack of method, in which their affairs were conducted.

Upon consideration of all the testimony, I am of opinion that the trustee's complaint is well founded, and accordingly I adjudge both bankrupts guilty of the contempt charged. The marshal is therefore directed to arrest Morris Magen and Jacob Magen, and to commit them to the jail of this county for the period of 60 days.