C. D. North, Complainant, Appellant, *v.* J. T. Puckett *et al.*, Defendants, Appellees.

(*Nashville,* December Term, 1931.)

Opinion filed February 13, 1932.

G. S. Ridley, for complainant, appellant.

W. J. Smith, for defendants, appellees.

Mr. Justice McKinney delivered the opinion of the Court.

The pleadings in this cause present the single question as to whether a judgment creditor, with a *nulla bona* return, can by bill in equity subject the dower right of the widow in a 98-acre tract of land to the payment of his judgment before dower has been assigned to her. The chancellor, being of the opinion that it could not, sustained the demurrer and dismissed the bill.

The right of dower confers no title to any part of the husband's land, after his death, until assignment of dower is made. It is a mere right which does not ripen into a title until some specific portion is set out and assigned as dower. *Marr* v. *Gilliam*, 41 Tenn., 505; *Briscoe* v. *Vaughn*, 103 Tenn., 314.

Upon the death of the husband his real estate descends to his heir at law, or devisee, who has the undivided seizin till an assignment of dower has been made, and who alone can receive rents and profits, and bring suit to recover the possession, and for injuries done to the estate. Until an assignment has been made, there is no privity of estate or of contract between the widow and any tenant of the estate, and she has no right of entry

upon the premises. *Guthrie* v. *Owen,* 18 Tenn., 339; *Thompson* v. *Stacy,* 18 Tenn., 493; *Whyte* v. *Nashville,* 32 Tenn., 364. The widow may be ejected by the heirs where she is holding without assignment. *Tool* v. *Pride,* 1 Tenn., 235.

A widow may release or relinquish her right of dower before assignment to the heirs. *Guthrie* v. *Owen, supra; Ross* v. *Blair,* 19 Tenn., 525; *Davis* v. *Roberts,* 24 Tenn., 110; *Bennett* v. *Coldwell,* 67 Tenn., 485; *Tucker* v. *Tucker,* 100 Tenn., 310.

Before assignment the right of dower cannot be reached by execution at law. *Garretson* v. *Brien,* 50 Tenn., 542; 19 Corpus Juris, 530, 537; 9 R. C. L., 593. Neither can it be reached in equity in the absence of statutory authority. *Erwin* v. *Oldham,* 14 Tenn., 185; 9 R. C. L., 593; 19 Corpus Juris, 537; *Harper* v. *Clayton* (Md.), 35 L. R. A., 211; *Maxwell* v. *Gray,* 14 R. I., 641; *Williams* v. *Reynolds,* 7 Ind., 622; *Buford* v. *Buford,* 1 Bibb (Ky.), 305. Counsel for complainant insists, however, that such authority has been conferred upon courts of chancery by the following provisions contained in Shannon's Code, to-wit:

6091. "They have exclusive jurisdiction to aid a creditor, by judgment or decree, to subject the property of the defendant which cannot be reached by execution to the satisfaction of the judgment or decree under the provisions of the Code."

6092. "The creditor whose execution has been returned unsatisfied, in whole or in part, may file a bill in chancery against the defendant in the execution, and any other person or corporation, to compel the discovery of any property, including stocks, choses in action, or money due to such defendant, or held in trust for him, except when the trust has been created by, or the property so

held has proceeded from, some person other than the defendant himself, and the trust is declared by will duly recorded or deed duly registered."

6093. "The court has power to compel the discovery, and to prevent the transfer, payment, or delivery of the property, and to subject the same to the satisfaction of the judgment or decree, whether such property could, if in the defendant's possession or with the title vested in him, be levied upon by execution or not."

In construing the first section quoted, this Court, in *Porter* v. *Lee,* 88 Tenn., 782, 793, said:

"It is easily to be seen that it is here declared that Chancery Courts have *exclusive jurisdiction* to subject property which *cannot be reached by execution,* and this declaration is, by itself, comprehensive enough in its literality to embrace any kind or character of property not subject to the creditor's execution at law; but the concluding clause of the section is restrictive in its nature, and permits the exercise of that jurisdiction 'under the provisions of this Code' only, and not in every case that may arise."

The other two sections were enacted by the legislature by chapter 11, Acts of 1832, and were passed to meet the decision of this court in *Erwin* v. *Oldham, supra,* and to confer upon courts of chancery jurisdiction to discover and appropriate *any property,* including stocks, choses in action, or money due to such defendant, or held in trust for him, *Creswell* v. *Smith,* 76 Tenn., 688. In *Erwin* v. *Oldham* it was held that stock in an incorporated company cannot be subjected and sold in equity for the satisfaction of a judgment obtained at law. The original act read: "to compel the discovery of any Bank stock or other kind of stock, or of any property or thing in action

due to him or held in trust for him," etc. The courts generally hold that this "right of dower" is a chose in action. *Downs* v. *Allen,* 78 Tenn., 668; 9 R. C. L., 593; *Barksdale* v. *Garrett* (Ala.), 21 L. R. A., 431; *Harper* v. *Clayton, supra; Munsey* v. *Hanly* (Me.), 13 L. R. A. (N. S.), 209; *Hildreth* v. *Thompson,* 16 Mass., 191.

In Words and Phrases (2d Ser.), Vol. 1, p. 686, it is said:

"The term 'chose in action' implies a right of possession which may be demanded by action, and the term is properly applied to a widow's right to dower, which is consummate. *Sherman* v. *Hayward,* 90 N. Y. Supp., 481, 484, 98 App. Div., 254 (citing *Gillet* v. *Fairchild* (N. Y.), 4 Denio, 80; 2 Williams, Ex'rs, p. 1; Winfield, Words and Phrases; *Aikman v. Harsell,* 98 N. Y. 186)."

But if it is conceded that this right of dower is not in a technical sense a chose in action, it is nevertheless a valuable property right. 9 R. C. L., 593; *McMahon* v. *Gray* (Mass.), 5 L. R. A., 749.

This court has uniformly held that under the Act of 1832 a judgment creditor can appropriate the equity in real estate held in trust for the debtor. *Fulghum* v. *Cotton,* 74 Tenn., 590; *Craigmiles* v. *Hays,* 75 Tenn., 724; *Bridges* v. *Cooper,* 98 Tenn., 384; *McClurg* v. *McSpadden,* 101 Tenn., 436; *Schoolfield* v. *Cogdell,* 120 Tenn., 631.

Chapter 11, Acts of 1832, is a copy of the New York statute. *Creswell* v. *Smith, supra.*

In *Harper* v. *Clayton, supra,* the identical question we are considering was involved. The court, in its opinion, said: "The plaintiffs also cited and relied upon three New York cases,—*Tompkins* v. *Fonda,* 4 Paige, 448; *Stewart* v. *McMartin,* 5 Barb., 438; and *Payne* v. *Becker,* 87 N. Y., 153. But it is sufficient to say, in regard to all of those cases, that they appear to be based upon the

provisions of the New York statute which was in force when they were respectively decided. That statute, in effect and in words, provided that courts of chancery should have power to decree satisfaction of a judgment at law out of any money, property, or thing in action belonging to the defendant, whenever an execution against his property shall have been returned unsatisfied in whole or in part. The same observations may be made in regard to *McMahon* v. *Gray,* 150 Mass., 289, 5 L. R. A., 748, and *Boltz* v. *Stolz,* 41 Ohio St., 540. In each of the states just named there were statutes expressly giving chancery courts jurisdiction to decree the sale of choses in action upon the application of judgment creditors.''

*(6)* Our statute is broad and comprehensive, and seems to embrace all kinds of property that is not exempt with the one exception of money in the possession of the defendant. *Webb* v. *Jones,* 81 Tenn., 201. It is not limited to choses in action, but embraces ''any (all) property.''

The widow's dower is not exempt, and, after assignment, is subject to execution. *Garretson* v. *Brien, supra.* We think there can be no question but that the chancery court has jurisdiction, under the Act of 1832, to subject it, before assignment, to the satisfaction of complainant's judgment. Entertaining this view, it follows that the decree of the chancellor will be reversed, and the cause remanded to be further proceeded with.

The defendants will be taxed with the costs of the appeal. The costs below will be taxed by the chancellor on final hearing.