ESTATE OF ROBERT W. HARWOOD, RICHARDSON HARWOOD AND THE NEW ENGLAND TRUST COMPANY, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1855. Promulgated July 18, 1944.

*Daniel L. Brown, Esq., Raymond B. Roberts, Esq.,* and *Lawrence E. Green, Esq.,* for the petitioners.

*R. H. Transue, Esq.,* for the respondent.

OPINION.

MELLOTT, *Judge*: The Commissioner determined a deficiency in the income tax of the estate of Robert W. Harwood for the calendar year 1940 in the amount of $32,993.20. The sole question is, Did the sum of $55,460.46 distributed on December 24, 1940, by its executors to the trustees of a trust created under the will of the decedent constitute an allowable deduction?

An issue with reference to the disallowance by the respondent of a deduction for interest paid amounting to $125.10 has been abandoned by petitioner.

All of the facts have been stipulated.

Robert W. Harwood, a resident of Natick, Massachusetts, died September 1, 1939. Richardson Harwood and the New England Trust Co. were appointed executors of his will by the Probate Court for Middlesex County, Massachusetts, on October 3, 1939.

Clause tenth of the will of the decedent is as follows:

CLAUSE TENTH: All the rest, residue and remainder of my estate in which is to be included any property over which I have any disposing power I give, devise, bequeath and appoint to the said RICHARDSON HARWOOD and said NEW ENGLAND TRUST COMPANY, trustees with all the powers, duties and exemptions herein given and provided; but in trust nevertheless and upon the trusts following:

A. During the life of said RICHARDSON HARWOOD to pay him at some time prior to the end of each calendar year one-third of the net income of the fund for such calendar year as determined by the trustees and at the end of such year to add the other two-thirds of such net income to the principal of the fund. The trustees shall, however, if he is living on July 15 of the next calendar year, pay to him from the principal of the fund an amount equal to the amount of net income of the prior calendar year which was added to principal. During the calendar year in which my said son shall die he shall be entitled only to such portions of the income and principal of the fund as shall have been distributed to him prior to his death; and neither he nor his estate shall have any right to any further distributions from the trust fund.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

On December 4, 1940, Richardson Harwood and the New England Trust Co. were appointed trustees of the trust created under clause tenth of the will of Robert W. Harwood by the Probate Court for Middlesex County, Massachusetts.

"On December 23, 1940, the Executors of the will of Robert W. Harwood paid $57,343.57 to the Trustees under said will out of income received by the Executors during the calendar year 1940."

On December 24, 1940, the trustees under the will entered the sum of $57,343.57 on the trust books as a payment from the estate of Robert W. Harwood of a portion "of 1940 income collected and estimated for balance of the year."

The sum of $57,343.57 was comprised of:

Ordinary income subject to both normal and surtax_____ $55,460. 46
Interest on United States savings bonds and Treasury bonds_____ 425. 27
Interest on government obligations wholly exempt from taxation___ 1,457. 84

57,343. 57

On December 31, 1940, the estate of Robert W. Harwood was in process of administration. On November 2, 1942, the executors filed their first account with the Probate Court, showing the following item of distribution of income: "December 23, 1940—The New England Trust Company and Richardson Harwood, Trustees u/w/o Robert W. Harwood—$97,531.52."

The above sum of $97,531.52 consisted of 1940 income in the amount of $57,343.57 and 1939 income in the amount of $40,187.95. The latter amount is not in issue in this proceeding. The account was in the process of being presented for allowance at the time of the hearing of this case, but no decree had then been entered thereon.

The trustees under the will included the amounts of $55,460.46 and

$425.27 in the income tax return filed by them for the trust for the taxable year.

In its income tax return for 1940 the estate claimed a deduction of $55,460.46 representing the amount of taxable income paid to the trustees. This deduction was disallowed by the respondent "for the reason that all income received during 1940 had become a part of the residurary estate. Any amount paid to the testamentary trust was, therefore, a payment of capital for which no deduction against gross income is allowable."

The pertinent provision of the Internal Revenue Code, section 162 (c), is shown in the margin.[1]

The following principles are established by adjudicated cases: An estate may not be allowed a deduction under section 162 (c), *supra*, for a distribution of corpus. *Weigel* v. *Commissioner*, 96 Fed. (2d) 387; *Anna M. Chambers et al., Trustees*, 33 B. T. A. 1125; *Old Colony Trust Co. et al., Executors*, 38 B. T. A. 828. The reason is obvious—the statute applies only to income. It is not always sufficient that the amount be literally within the statute. Thus, even though the income may have been received by an estate during administration, if it is distributed as corpus it is not taxable as income to the recipient because of the provisions of section 22 (b) (3), I. R. C. *Anderson's Estate* v. *Commissioner*, 126 Fed. (2d) 46; *Estate of Henry H. Rogers*, 1 T. C. 629 (on appeal, C. C. A., 2d Cir.). Consistent with the basic precepts of *Helvering* v. *Butterworth*, 290 U. S. 365, and the cases cited, *supra*, the income in such a case is taxable to the estate. *Old Colony Trust Co. et al., Executors, supra;* cf. *Frazer* v. *Driscoll,* 46 Fed. Supp. 838, and *Norris* v. *Glenn*, 48 Fed. Supp. 673. A testamentary trust may be a legatee within the purview of section 162 (c), *Estate of Ida A. White*, 41 B. T. A. 525 (appeal dismissed Oct. 16, 1940, C. C. A., 6th Cir.) ; and a distribution of income to such a trust, if properly made, is deductible by the estate and taxable to the trust. *Commissioner* v. *Bishop Trust Co. Ltd., Executor*, 136 Fed. (2d) 390, affirming *Estate of John A. McCandless*, 42 B. T. A. 1309; *Commissioner* v. *Crawford's Estate*, 139 Fed. (2d) 616, affirming *George W. Crawford's Estate*, 46 B. T. A. 436. Income paid by executors to a trust may well be "pre-

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

cisely within the purview of section 162 (c)," *Commissioner* v. *Crawford's Estate, supra*, and, if so, it is taxable as provided in that section. Whether it is so taxable depends upon several circumstances—the terms of the will, the law of the state where it is being administered, *Commissioner* v. *Bishop Trust, supra, Uterhart* v. *United States*, 240 U. S. 598, the treatment of the income by the executors, particularly whether the income and corpus were kept separate or intermingled, the approval by the local courts of the accounts of the personal representative or in the absence thereof the probability of such approval and the type of income, *Estate of John A. McCandless, supra*, to mention a few. The pole star is the intention of the settlor; and, if it is obvious he intended that the income received during administration should be turned over to the testamentary trust, as income, his intention should be carried out. In that event the income would be "properly paid" to the trust and hence taxable to it under section 162 (c), *supra*, rather than to the estate. Cf. *Commissioner* v. *Bishop Trust, supra*.

In our judgment the instant case is governed by *Commissioner* v. *Bishop Trust* and *Commissioner* v. *Crawford's Estate, supra*. It is obvious the testator intended that his son should have the income from the property comprising his estate—except the portion necessary to pay specific legacies and debts—from and after his death.[2] The son, as one of the trustees and one of the executors, so construed his father's will. The most direct way to accomplish this and the way selected was to pay the income to the trust created for his benefit. There is nothing in the will, as there was nothing in the will in the *Bishop Trust* case, to show that the trust was not to have income until after administration was fully completed. "The executors took the chance that they might make an improvident distribution and if they had distributed property necessary to pay expenses of administration, debts or bequests, they would have been personally liable." *Commissioner* v. *Crawford's Estate, supra;* cf. Corpus Juris Secundum, vol. 34, p. 375, and cases cited. The distribution was permissive under the law of Massachusetts *Proctor* v. *White*, 28 Fed. Supp. 161; *Old Colony Trust Co.* v. *Smith*, 266 Mass. 500; 165 N. E. 657; *Minot* v. *Amory*, 56 Mass. (2 Cush.) 377. More than one year had elapsed between the appointment of the executors (October 3, 1939) and the distribution of the income to the trustees (December 30, 1940), and under section 9 of chapter 197 of the Annotated Laws of Massachusetts the executors could not be held to answer to an action by a creditor of the decedent which had not then

---

[2] Section 26, Chapter 197, Annotated Laws of Massachusetts, provides:

"ANNUITIES, ETC., PAYABLE FROM DEATH OF TESTATOR.—If an annuity or the use, rent, income or interest of property, real or personal, is given by will or by an instrument in the nature thereof to or in trust for the benefit of a person for life or until the happening of a contingency, such person shall be entitled to receive and enjoy the same from and after the decease of the testator, unless it is otherwise provided in such will or instrument."

been instituted. The pecuniary legacies had probably been paid; for they were payable one year after the death of the testator. *Smith* v. *Livermore*, 298 Mass. 223; 10 N. E. (2d) 117; *Wellman* v. *Boston Safe Deposit & Trust Co.*, 295 Mass. 281; 3 N. E. (2d) 740. There is no reason to doubt that the local court will approve the accounts of the executors. If so, the facts in this case will differ in no substantial respect from those before the court in *Commissioner* v. *Crawford's Estate, supra*. Moreover here, as in that case, the income and the corpus were kept separate, both by the executors and by the trustees. The trustees had been duly appointed as such; and the fact that the income was paid over to them months prior to the time that the executors were discharged and their accounts were settled, is a strong circumstance indicating that the income did not become, and was not intended to become, part of the corpus of the trust.

The instant case is readily distinguishable upon its facts from *Estate of Peter Anthony Bruner*, 3 T. C. 1051. In that case the income of the estate was retained by the executors throughout the taxable years (a portion of 1940 and all of 1941) and was not turned over to the trustees until January 17, 1942. The principal contention of the executors was that they were entitled to deduct the entire amount under section 162 (b) because the income was "to be distributed currently by the fiduciary to the" trust. In their brief they stated that they did not claim that the net income of the estate for 1940 and 1941 was "properly paid or credited" to the trust beneficiaries so as to be deductible under subsection (c). We pointed out that "there were no trustees of the residuary estate until they qualified as such on January 17, 1942." If the present question were the deductibility of the income in question under section 162 (b), a difficult question might arise; for the trustees in the instant case had been appointed before the end of the taxable year. That issue, however, is not before us, so it may be passed without discussion.

As stated above, our question is the deductibility under section 162 (c) of the amount actually paid to the trustees. It, in essence, is the same as the one lurking, but not raised or decided, in the *Bruner* case. There the respondent had not questioned "the right of the estate to the deduction from the gross income of 1941 of $1,200 paid to two beneficiaries in that year." If he had done so petitioners would have had the burden of proving that the amount had been "properly paid or credited during such year" to the recipients and that they were legatees, heirs, or beneficiaries. Petitioners here had the same burden. We think they have borne it and have adduced sufficient proof to establish that the Commissioner erred in determining that the amount paid to the testamentary trust was capital.

*Decision will be entered under Rule 50.*