THE FIRST NATIONAL BANK OF MEMPHIS, TENNESSEE, EXECUTOR AND TRUSTEE u/w OF HUGH SMITH, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8424. Promulgated December 31, 1946.

*F. E. Hagler, Esq.*, for the petitioner.
*Frank M. Thompson, Jr., Esq.*, and *S. Earl Heilman, Esq.*, for the respondent.

## OPINION.

TYSON, *Judge*: It is admitted by petitioner, on brief, that no part of the 1941 income of the estate was paid or properly credited and that hence no deduction for income paid or credited is allowable under section 162 (c) of the Internal Revenue Code, and that if the 1941 income is not deductible under section 162 (b) [1] it is not deductible under any other section or subsection of the code.

The petitioner's main contention is that the 1941 income of the estate was to be distributed currently by the fiduciary "from the date of death of the testator" to the life beneficiaries of the trust, who were the brother and sister of decedent, after the widow's dissent, and that consequently such income is deductible in computing the net income of the estate under section 162 (b). In support of this contention petitioner relies largely upon the decree of the chancery court, insisting that, the decree being that of a state court of com-

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

    \*        \*        \*        \*        \*        \*        \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

petent jurisdiction, we must treat it as conclusive of the matters therein decided and that such matters are "beyond any inquiry on the part of the Tax Court as to [their] correctness." He then proceeds to argue, in effect, that one of the matters decided in the decree was that the income of the estate was to be distributed currently to the beneficiaries from the date of decedent's death. This construction of what was decided in the decree on this matter rests entirely upon the provisions of paragraph I thereof, which states:

That the Court is of the opinion and so adjudges and decrees that it was the intention of the testator in the third clause of the will * * * that the entire net income was to be distributed to his widow, brother, and sister, and the widow having dissented from the will * * * the Trustee is authorized to distribute the net income one-half to the defendant Mrs. Eileen Smith Cowhig and one-half to the estate of Romaldus J. Smith * * * *the said income to accrue to the life beneficiaries as and from the date of the death of the testator.* [Emphasis supplied.]

Assuming that the matters decided by the decree are controlling here as the law of Tennessee, we are of the opinion that the construction of the quoted provisions of the decree as argued by petitioner is not correct and that the court did not by the quoted provisions decide, as so argued, the question of whether or not the income was currently distributable to the remaining life beneficiaries of the trust from the date of the death of decedent.

The bill upon which the decree was based was filed December 17, 1941. That bill alleged, *inter alia*, with reference to the third clause of the will: "Since the widow has dissented from the will, your complainant is in doubt as to what the true intent, purport and construction of this clause of the will shall be. In other words, since the widow has dissented and, as a result thereof, the personal assets of the estate will be decreased to the extent of one-third and the real assets to the extent of one-third for life, should the trustee, under these circumstances, distribute the entire net income derived from the residue of the estate equally between the brother and sister." The prayer of the bill relating to the third clause of the will was: "That this trust be established * * * and the rights and interests of all the parties under the same be declared." and "That the Court construe the aforesaid portions of said will and state clearly what are complainant's duties, together with the rights of the various defendants thereunder * * * ." The decree based upon these statements in the bill, in so far as concerns the third clause of the will, was entered in September 1942.

It is evident from the bill that no specific question was presented to the court as to whether or not the income was "to be distributed currently" to the life beneficiaries or as to *when* it was to be distributed. except that it was, obviously, not to be distributed until after the

entry of the decree. The purpose of the bill was, so far as clause third of the will was concerned, to secure determination by the court of the question of *"should the trustee, * * * distribute the entire net income derived from the residue of the estate* equally between the brother and sister." [Emphasis supplied.] This was the express question posed for the court and it was answered by paragraph I of the decree.

We do not think, in view of the question presented to it, that the expressions by the court in the decree that "the Trustee is authorized to distribute the net income" and "the said income to accrue to the life beneficiaries as and from the date of the death of the testator" meant, or were intended to mean, that the income was currently distributable from the date of the death of the decedent and during the taxable year 1941. To attribute such a meaning to those expressions would be to impute to the court the making of a futile gesture, for it would have been impossible at that time to distribute currently during the taxable year 1941, that year having passed by several months at the time of the entry of the decree. We conclude, therefore, that the decree is not controlling on this Court on the question of whether or not the income of the estate was to be distributed currently to the life beneficiaries from the date of the death of the testator and during the taxable year.

Petitioner contends further that, if we refuse, as we have, to treat the decree of the chancery court as conclusive "as to the property rights involved," we must construe the will as to such rights by applying the state law as otherwise established, and cites, as sole authority as to what that law is, *American National Bank of Nashville* v. *Embry*, 181 S.W. (2d) 356, in which, petitioner says, "the Supreme Court of Tennessee has had occasion, for the first time, to pass directly upon the question presented."

In the cited case, as here, the functions of executor and trustee were vested in the same corporation and it was there stipulated that the estate had been fully administered while here it is shown by testimony and admitted on brief that the estate of Hugh C. Smith was still in process of administration throughout the taxable year. It would therefore appear that the residuary estate in the cited case, together with the income therefrom, was in the hands of the corporation as trustee (or should have been) and not in its hands as executor, since the estate had been fully administered. It is true that it was decided in that case that the income of the entire estate accrued to the trust beneficiary from the date of the death of the testatrix, but it was not decided that the beneficiary had a "present" right to receive such income during the administration of the estate. In the will before us and in the decree of the chancery court the trustee and not the executor was authorized to make payment to the life beneficiaries of the trust, and

not only is it not shown that the trustee had received any property from the executor prior to or during the taxable year, but also the contrary is clearly indicated by the prayer in the bill that "the trust be established."

Treating the cited case as the "first time" the Supreme Court of Tennessee has had occasion "to pass directly upon the question presented," as stated by petitioner, and having no other or later authority cited, and having found none, we conclude that the law of Tennessee has not been established on the question here involved, i. e., whether the income in question was currently distributable during the taxable year to the beneficiaries of the testamentary trust set up in Hugh C. Smith's will, his estate having been in process of administration during the taxable year.

Having reached the conclusion that the law of Tennessee does not control disposition of the question here either by reason of the decree of the chancery court or by reason of any other decision, or decisions, of the Tennessee courts, we shall now consider other authorities pertinent to the question.

In *Estate of Peter Anthony Bruner*, 3 T. C. 1051, the decedent left a will by which, after providing for certain legacies and the payment of his debts, he bequeathed and devised all his residuary estate to beneficiaries of a trust created by the will. Decedent's two nephews were named in the will as executors and trustees. The will provided that the trustees should pay the income to the beneficiaries "semiannually," "Said payments to continue semiannually from the time of my death." Letters testamentary were issued to the executors a few days after the death of decedent and shortly after the beginning of the first of the two taxable years involved. About seventeen days after the expiration of the last taxable year the executors transferred all of the assets to themselves, as trustees under decedent's will. The executors claimed deductions from the income of the residuary estate, contending that such income was "to be distributed currently by the fiduciary" within the meaning of section 162 (b), because the will "specifically provides that the trustees (who are also the executors) shall pay the net income to named beneficiaries" and that such payments should "continue semiannually from the time of my death."

While we said that "The laws of the Commonwealth of Pennsylvania recognize the *right* of beneficiaries to the income of a testamentary trust *from the date of the testator's death* in the absence of a clear intention to the contrary" (emphasis supplied) and that the respondent did not question that right, we, nevertheless, held that, as contended by respondent, the beneficiaries had no "present" right to receive such income in either of the two taxable periods, May 10 to December 31, 1940, and the calendar year 1941, for the reason that the

testamentary trust "was not set up until January 17, 1942," on which date the executors transferred all of the assets of the estate to themselves as trustees. In construing the will of the testator we considered the rule established by the Supreme Court of Pennsylvania to the effect that the trust beneficiaries had the right to the income of the trust "from the date of the testator's death." The law of Tennessee which we have assumed to be established as to the matters decided by the decree of the chancery court is to the effect that the income of the trust was "to accrue to the life beneficiaries as and from the date of the death of the testator." We can see no material difference in facts or principle between the *Bruner* case and the instant case, except that there it is shown that subsequent to the taxable years involved the executors turned over the assets of the estate to themselves as trustees, while here it is not shown that the assets of decedent's estate, or any part of them, were turned over by the executor to itself as trustee prior to or during the taxable year, or, as for that matter, at any time anterior to the entry of the decree of the chancery court. On the contrary, it is rather clearly indicated that the assets were not turned over to the trustee at any time prior to or during the taxable year, since the estate was, during those years, in process of administration and the record does not show that all debts of the estate had been paid prior to or during that year and since the prayer of the bill filed December 17, 1941, was, *inter alia*, "that the trust be established." Moreover, we think that the facts in the present case more strongly justify our conclusion than did the facts in the *Bruner* case justify the conclusion there reached, since in that case the will, after providing for payments of income to the beneficiaries, further expressly provided that such payments were to continue "semiannually from the time of my death," while here the will was not so specific, since it says only "From the net income   *   *   *   the Trustee is to pay" certain designated amounts to the beneficiaries of the trust.

We think *Estate of Peter Anthony Bruner*, *supra*, controls, and under authority of that case we hold that the income from the estate going to the beneficiaries of the testamentary trust is not deductible from the income of the estate as income "to be distributed currently" under section 162 (b), *supra*.

We are supported in our conclusion by *In re Smith's Estate* v. *Henslee*, 64 Fed. Supp. 196, wherein the petitioner here and plaintiff there sought to recover from the collector $15,418.28 as an alleged overpayment which had been made on its total net income and defense tax liability of $51,292.96 for the period August 26 to December 31, 1940. The court decided against the plaintiff. There, as here, the facts showed: Provisions of the will of Hugh C. Smith; the issuance of letters testamentary to the bank on September 3, 1940; the widow's

dissent; the decree of the chancery court; the filing of a return and the payment of tax thereon by the executor as such; the filing of the claims for refund by the executors; that the estate was still in process of administration; and that the debts of the estate were not disclosed in the proof. But while in the instant case it is not affirmatively shown, as it was there, that "No part of the income of the estate nor any other property of the estate has come into the hands of the plaintiff bank as trustee under the will" or that "The plaintiff bank has done no act or thing, in the capacity of trustee, touching any property or income of the estate," it can be said that here it is not shown that any part of the income of the estate or any other property had, prior to or during the taxable year, come into the hands of petitioner as trustee or that the petitioner had done any act or thing in the capacity of trustee touching any property or income of the estate.

It may be observed that the income going to the beneficiaries of the testamentary trust here involved has not been brought within the ambit of *William C. Chick*, 7 T. C. 1414, since it is not shown that prior to or during the taxable year all assets of the estate had been reduced to possession by the executor and the legacies provided by the will of decedent and the debts of the estate paid by it.

Our conclusion above is limited in its application to the income of the estate which was to go to the beneficiaries of the trust as distinguished from the income of that part of the decedent's property at the time of his death which, by reason of the dissent of the widow, terminated her rights as a beneficiary under the will and substituted therefor a right to a one-third interest in decedent's real estate and a right to one-third of his personal estate.

Petitioner cites *Estate of Robert W. Harwood*, 3 T. C. 1104, apparently in support of his position that it was the intention of decedent, manifested in his will, that the beneficiaries of the trust here were entitled to have the income therefrom paid them currently from and after decedent's death and during the taxable year. We do not think the cited case supports such a contention, since there the income involved was actually paid by the executors to themselves as trustees as a distribution during the taxable years, and we held that, although the estate was in process of administration at the time of the payment of income to the trustees, it was nevertheless properly paid, under section 162 (c), because it was within the intention of the testator that such could be done under his will, which provided that the trustees were to "pay him [the beneficiary represented by the trust] at some time prior to the end of each calendar year one-third of the net income of the fund for such calendar year." We held that, the trustees, as distributees, having been actually paid the income in question by the executors during the taxable year, the income paid was properly

paid under section 162 (c), not 162 (b), and that the taxpayer was entitled to the deduction thereof as claimed. We took occasion to distinguish the case there from *Estate of Peter Anthony Bruner*, *supra*, and it is likewise further distinguished from the instant case.

On the second issue, the petitioner contends that the income derived from the interests in decedent's property, the right to which the widow acquired by reason of her dissent, should not be included, as it was here, in the income of the estate. Those interests were: (1) A dower during her life for the widow in one-third part of all lands of which her husband died seized and possessed or of which he was at death the equitable owner, "Michie's Tennessee Code of 1938," secs. 8351 and 8360; and (2) one-third part of the personal estate of her husband, "Michie's Tennessee Code of 1938," sec. 8360. Petitioner's contention is predicated upon the proposition that the property representing the widow's interest after her dissent was hers from the time of decedent's death and that therefore the income therefrom was likewise hers from that time and for that reason was never the income of the estate, as represented by the executor. In support of this contention petitioner cites no authority other than "Code of Tennessee, secs. 8358–8364," and we find nothing in those sections except broad provisions as to the part of her husband's estate to which a wife has a right upon dissent from his will.

We can not agree with this contention of petitioner, for the reasons: (1) That the widow had no vested legal title to, or estate in, the dower interest and was not entitled presently to any income therefrom arising prior to the assignment or setting apart of the dower to her as provided by the statutes of Tennessee, and then only to the income from that part as set aside or assigned, *North* v. *Puckett*, 164 Tenn. 100; 46 S. W. (2d) 73; *Latta* v. *Brown*, 96 Tenn. 343; 34 S. W. 417, 420; see also 9 R. C. L. 593, 594, ¶¶ 35 and 36; 28 C. J. S. 144, ¶67 (b) 146, ¶68 (a); and (2) the record fails to show that such assignment was made prior to or during the taxable year, or, as for that matter, that it has ever been made; and (3) that the widow's one-third interest in the personal property of decedent had not been allowed or set apart to her prior to when it was allowed her by paragraph IV of the decree of the chancery court entered more than eight months after the end of the taxable year, and it is only the income therefrom arising after the entry of the decree which would presently belong to her under the principle of the *North* case, since the principle there announced as to income derived from a widow's dower interest would apply, we think, with equal force to income derived from the widow's interest in the personal estate of her deceased husband, this latter interest certainly not being of greater dignity, if as great, than that of a dower interest.

We therefore decide the second issue against the petitioner and hold

that the respondent did not err in including in the income of the estate for the taxable year the income which may have been derived from that part of decedent's property to which his widow acquired a right by reason of her dissent.

We do not understand that petitioner contends that the income from the property of decedent, the right to which property was acquired by the widow through her dissent, is deductible under section 162 (b) as income "to be distributed currently by the fiduciary." Nor do we understand that an issue upon which such a contention could be based is presented by the pleadings. But if our understanding of the contentions of petitioner and the issues presented by the pleadings is not correct, and such an issue is presented and such contention is made, we must reject the contention, since from our disposition of the second issue it is obvious that the income from the property of decedent, the right to which was acquired upon her dissent, was not "to be distributed currently" (during the taxable year) to the widow.

*Decision will be entered for the respondent.*