**In re MADDUX.**

No. 5151.

United States District Court.
E. D. Tennessee, Northeastern Division.

Oct. 26, 1949.

On Motion for New Trial Nov. 20, 1949.

J. L. Stern, Ernest King, Bristol, Tenn., for defendants.

J. K. Brown, Bristol, Tenn., for trustee.

DARR, Chief Judge.

On August 31, 1949, the Referee in Bankruptcy issued a citation to Fannie Maddux, the bankrupt, and to Willie Joe Hawks, and to J. L. Stern, attorney to appear before the District Judge at Greeneville, Tennessee, at 10:00 a. m. on Tuesday, September 20, and the Referee recommended therein that the parties be punished for contempt. The pertinent portions of the citation are as follows:

"In this bankruptcy cause, which was filed January 9, 1947, it appears that the Bankrupt owned certain real estate and that the then acting Referee, Herman C. Haynes, after a hearing, directed the Trustee, Roscoe L. Edwards, to file a petition in the Chancery Court to have dower assigned to the Bankrupt in some 86 acres of land. The Referee's order was reviewed by the District Judge and affirmed. Suit was thereafter brought in the Chancery Court to have this dower assigned and sold by the Trustee as an asset of this estate.

"This matter was attempted to be certioraried to the Supreme Court for review, but this petition was denied, and later the Bankrupt and her attorney appealed from the final decree of the Chancery Court to the State Supreme Court, where the holding of the Chancellor was affirmed.

"On the matter coming back to the Chancery Court, the Trustee reported on August 11, 1949, that the Supreme Court had affirmed the Chancellor but had directed that the costs of $53.67 be paid from the proceeds of the sale of the dower interest.

"Thereafter, on August 26, 1949, the Trustee, Roscoe L. Edwards, filed petition for citation for contempt to be issued against Fannie Maddux and Willie Joe Hawks, exhibiting to said petition a copy of a deed executed by the Bankrupt, Fannie Maddux, under date of March 25, 1948, conveying said property to her daughter, Willie Joe Hawks. The Trustee's petition averred that this deed was executed during the pendency of this bankruptcy proceeding, and that the execution of said deed by the Bankrupt and its acceptance by Willie Joe Hawks constituted an unlawful, fraudulent and conniving interference with property in the custody of the Bankruptcy Court, and contumacious conduct of the highest degree on the part of the Bankrupt. The Trustee further averred in his petition that he was informed and believed that it was the intention of Willie Joe Hawks to produce said deed at any sale of the dower assigned in this case, which constitutes about 21 acres of land, in order to prevent any prospective purchaser from purchasing said property.

"Based upon said petition, the undersigned Referee issued a citation to Fannie Maddux, Willie Joe Hawks and J. L. Stern, Attorney, requiring them to appear before him and show cause why they should not be cited to the District Judge for punishment for contempt. As said J. L. Stern is attorney of record for the Bankrupt or for Willie Joe Hawks and appeared to be the Notary Public taking the acknowledgment to this deed, the undersigned Referee included him in this citation at his own instance. * * *"

The parties appeared at the time and place specified and submitted an oral mo-

tion to dismiss the citation on the grounds that at the time a deed was executed by the bankrupt to her daughter, Willie Joe Hawks, conveying the property sought to be recovered by the trustee in bankruptcy, said property was not the property of the bankrupt inasmuch as it consisted of an alleged dower interest which had not been set aside or established. A further ground is that the bankrupt had been discharged and no order had been issued to the bankrupt or to Willie Joe Hawks with respect to said dower interest which had been violated, and that J. L. Stern, the attorney, was in nowise connected therewith except as the Notary Public taking the grantor's acknowledgment to the deed.

While the dower of the bankrupt had not been assigned at the date of bankruptcy or at the date of the execution of the deed by the bankrupt to her daughter, nevertheless the right to dower prior to assignment is held to be a valuable property right. North v. Puckett, 164 Tenn. 100, 105, 46 S.W.2d 73, 81 A.L.R. 1107.

The Referee's order of April 8, 1947, approved on review by District Judge George C. Taylor on July 3, 1947, directed the trustee to have dower set aside by the state court in order that the dower rights might be sold as an asset of the bankrupt.

The Chancery Court of Sullivan County, in an action by the Trustee pursuant to said order, assigned dower to the bankrupt as "an asset which was withheld from the bankrupt's estate, in order that said asset might be made available to creditors of said bankrupt". Decree of Joe W. Worley, Chancellor, October 16, 1948.

The provisions in respect to the dower contained in the Chancellor's decree were affirmed by the Supreme Court of Tennessee. Edwards v. Hawks, 189 Tenn. 17, 222 S.W.2d 28.

It is not material that a discharge had been granted. The discharge does not affect suits to determine the ownership of bankrupt's property nor prevent the trustee from pursuing the bankrupt for assets belonging to the estate. Remington, secs. 3443, 3444.

The disposal of assets after a bankruptcy petition has been filed makes the bankrupt guilty of contempt. Remington, sec. 3024; Clay v. Waters, 8 Cir., 178 F. 385, 24 A.B.R. 293.

The filing of the petition in bankruptcy and the adjudication themselves constitute a caveat and an injunction by the Court against any interference with the property of the bankrupt; and a violation of the injunction is punishable as a contempt. Clay v. Waters, supra.

The bankrupt, Fannie Maddux, admittedly executed the deed, and her daughter, Willie Joe Hawks, accepted the deed and caused it to be recorded and has claimed thereunder adversely to the trustee, notwithstanding the orders of the Court. J. L. Stern, attorney, was the attorney for the bankrupt in the bankruptcy proceedings and also in the state court proceedings for the assignment of dower and appears as Notary Public on the acknowledgment of the deed. He undoubtedly participated in the transaction and aided and abetted the bankrupt and her daughter therein.

The motion to dismiss the Referee's citation is overruled. The recommendation of the Referee is approved and all of said parties are adjudged to be in contempt. The said parties may be absolved of this contempt by payment of $150 to the trustee as the approximate rental value of the dower property lost to the trustee by the delay, and, in addition, Willie Joe Hawks, the grantee in the deed conveying the property involved, shall reconvey the dower property by an appropriate instrument as may be approved by Roscoe L. Edwards, trustee of the bankrupt estate, in order that said property may be subjected as an asset of said estate.

In the event the contempt is not purged by compliance with the above conditions by November 17, 1949, the Referee will so report and the Court will interpose proper punishment.

The matter is held on the calendar for the entry of any further orders that may be appropriate pending compliance with the above conditions.

### On Motion for New Trial

The contemnors move for a new trial, relying on Rule 59(a), Federal Rules of Civil Procedure, 28 U.S.C.A. While the cited rule is not applicable to proceedings in bankruptcy, Rule 81(a), F.R.C.P., the Court has considered the motion and the several grounds thereof and finds all without merit.

The second ground relied on is: "The Court was in error in not sustaining defendants' motion to dismiss the Referee's certification for contempt, because said certificate did not set out any of the matters prohibited by Title 11, Chap. 5, § 69, U.S.C.A., entitled Contempts before Referee."

The contemnors did not make a motion to dismiss on that ground.

To the contrary, they appeared voluntarily, in response to the citation issued by the Referee, the facts were orally conceded to be as stated in the citation, and a motion to dismiss was orally made on the grounds set out in the Court's opinion on the citation filed October 26, 1949.

The Referee appears to have issued a notice to said contemnors dated August 26, 1949, requiring them to appear before the Referee on August 31, 1949, at 11:00 a. m., "and show cause, if any, why they and each of them should not be cited to the U. S. District Judge for punishment for contempt in this matter."

This notice was issued at the instance of the trustee and the grounds thereof were fully stated, viz., the execution by the bankrupt of the deed conveying the dower lands to her daughter, the dower lands being assets of the bankrupt's estate.

The Referee thus gave contemnors notice before issuing the citation to this Court. The notice was in itself, in effect, an order to reconvey the property; and at the hearing before the Referee, no cause was shown, or attempted to be shown, why they should not reconvey the property, and why, failing therein, they should not be cited for contempt. A suggestion by the Referee that a reconveyance was required met with no favor or action by contemnors. This was a disobedience of a lawful order made by the Referee whereby certification was authorized by the Bankruptcy Act in that part codified at 11 U.S.C.A. § 69. In addition, the parties directly agreed to the jurisdiction of the Court to determine the the questions in this proceedings.

The Referee issued the citation of August 31, 1949, requiring the parties to appear before the District Judge at 10:00 a. m., September 20, 1949, and appearance was made by them as indicated above. No question was made as to the truth of the matters contained in the citation; and it was conceded that the bankrupt had executed the deed conveying her dower lands to her daughter, one of the contemnors, after the trustee had, pursuant to the Referee's order, brought suit to establish the dower lands as an asset of the estate.

The case is similar to In re Magen, D.C., 179 F. 572 and In re Schulman, 2 Cir., 177 F. 191.

In the opinion of the Court the execution of the deed and the continued refusal to reconvey the lands was an effort on the part of the bankrupt and her daughter, encouraged and aided by their attorney, to interfere unlawfully with the administration of the bankrupt estate.

The legal questions now presented were, in substance, presented to the Supreme Court of Tennessee on the proceedings by the trustee to recover the dower lands as an asset of the estate; and the Tennessee Supreme Court affirmed the judgment of the Chancery Court in establishing the dower lands as such asset and established the right to possession thereof by the trustee in bankruptcy.

It may be that the deed executed by the bankrupt was ineffectual to defeat the trustee's right and title to the lands; but the Court believes there can be no question that all the contemnors so intended it. And it is undoubtedly true that this deed constitutes a cloud on the trustee's rights and title in the lands, will probably result in discouraging or perhaps forestalling bids at a public sale which the trustee will conduct, and undoubtedly is a deliberate and unjustified attempt to interfere with the Court's administration of the bankrupt estate.

Any wilful interference with the estate of the bankrupt, any wilful attempt

138

to injure it, is a defiance of the power, and an affront to the dignity, of the Court which may be punished by a judgment for contempt. Clay v. Waters, 8 Cir., 178 F. 385, 24 A.B.R. 293.

The suggestions in contemnors' brief that it was improper to impose a money penalty for contempt, because the award was not made by a jury is without merit. The amount of money required to be paid in is simply a restoration of the status quo, in other words, placing in the hands of the trustee the value of the property as of the date he was entitled thereto.

The motion for a new trial is overruled and the time for compliance with the directives made in the original opinion and judgment is extended to December 1, 1949, in view of the filing of the so-called motion for a new trial.

Order accordingly.